**KEMPER SECURITIES, INC., Appellee,**

**v.**

**SCHULTZ, Appellant.**

[Cite as *Kemper Securities, Inc. v. Schultz* (1995), 107 Ohio App.3d 258.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APF06–730.

Decided Nov. 9, 1995.

*Arter & Hadden, Robert R. Dunn* and *Timothy A. Riedel,* for appellee.

*Luper, Sheriff & Neidenthal, David M. Whitaker* and *Roger F. Carroll,* for appellant.

LAZARUS, Judge.

This case stems from the efforts of plaintiff-appellee, Kemper Securities, Inc. ("Kemper"), to execute on a judgment rendered in the United States District

Court for the Northern District of California against defendant-appellant, Richard D. Schultz. Schultz appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to cancel registration of foreign judgment and to vacate proceedings. He sets forth a single assignment of error as follows:

"The court of common pleas erred, to the prejudice of the Appellant, in ruling that a judgment rendered in a federal district court in California may be enforced by an Ohio court garnishment without compliance with the notice requirements of R.C. 2329.023."

For the reasons that follow, we affirm the decision of the common pleas court.

Schultz brought suit against various defendants in the United States District Court for the Northern District of California alleging various securities violations against Kemper and others. The district court ruled in favor of the defendants, who then moved to recover their attorney fees. Kemper obtained a judgment in excess of $1,000,000 against Schultz.

Kemper registered the judgment in the United States District Court for the Southern District of Ohio pursuant to Section 1963, Title 28, U.S.Code and obtained a "Certificate of Judgment for Lien Upon Lands and Tenements." Kemper then filed the certificate with the Franklin County Court of Common Pleas. In filing the certificate of judgment in a state court, Kemper did not file an affidavit or praecipe pursuant to R.C. 2329.023, giving Schultz notice of the filing of the judgment.

In enforcing the judgment, Kemper served Huntington National Bank ("the bank"), with an affidavit and order of garnishment seeking to garnish Schultz's accounts with the bank. The bank responded that it was withholding approximately $16,454.99 from an account in Schultz's name.

Schultz filed a "Motion to Cancel the Registration of Judgment and Vacate Proceedings, To Join Necessary Party, and to Issue a Temporary Order to Maintain Status Quo Pending Ruling on this Motion." Kemper filed a memorandum contra. A hearing was held before the court, at which time the court permitted the parties to file additional memoranda. The court denied Schultz's motions ruling that "[i]n registering and filing its lien, [Kemper] elected to use the procedure provided in U.S.C.1963. The requirements of that section were met by the Plaintiff." Thereafter, the garnishment was completed and $16,454.99 was taken from Schultz's account with the bank. Schultz filed a timely notice of appeal to this court.

The essence of Schultz's argument is that the judgment Kemper sought to enforce was a "foreign judgment" within the meaning of R.C. 2329.023 and, therefore, Kemper was required to file an affidavit and praecipe with the clerk of the common pleas court. R.C. 2329.021 defines a "foreign judgment" as "any

judgment, decree, or order of a court of the United States, or of any court of another state, that is entitled to full faith and credit in this state." Under R.C. 2329.022, a properly authenticated foreign judgment "may be filed with the clerk of any court of common pleas." Such a foreign judgment may then be enforced as a judgment of the court with which it has been filed. However, in order to proceed under R.C. 2329.022, the filing party must comply with R.C. 2329.023. That section provides as follows:

"(A) When a foreign judgment is filed pursuant to section 2329.022 of the Revised Code, the judgment creditor or his attorney shall make and file with the clerk of the court in which the foreign judgment is filed an affidavit setting forth the name and last known address of the judgment debtor and of the judgment creditor.

"(B) Upon the filing of a foreign judgment pursuant to section 2329.022 of the Revised Code and the affidavit pursuant to division (A) of this section, the judgment creditor or his attorney shall file with the clerk of the court a praecipe instructing the clerk to issue a notice of the filing of the foreign judgment to the judgment debtor at the address given in the affidavit. The clerk shall enter a note of the mailing in the docket. The notice shall include the name and address of the judgment creditor, and of the judgment creditor's attorney, if any, in this state. In addition, the judgment creditor may mail a notice of the filing of the foreign judgment to the judgment debtor and may file proof of mailing with the clerk. The failure of the clerk to mail to the judgment debtor notice of the filing of the foreign judgment does not affect the enforcement proceedings with respect to the foreign judgment, if the judgment creditor has filed proof that he mailed a notice of the filing to the judgment debtor.

"(C) No execution or other process for enforcement of a foreign judgment that is filed pursuant to section 2329.022 of the Revised Code shall issue until thirty days after the date the foreign judgment is filed pursuant to that section."

As it is undisputed that Kemper did not comply with this requirement, Schultz contends that the judgment was unenforceable.

On the other hand, Kemper argues that R.C. 2329.021 *et seq.*, Ohio's version of the Uniform Enforcement of Foreign Judgments Act, is inapplicable once Kemper registered the federal California judgment in the United States District Court for the Southern District of Ohio. Once Kemper registered the judgment in the Southern District of Ohio, it became a new judgment of that court enforceable in the same manner as any other judgment of the Southern District of Ohio. Thus, Kemper claims, the judgment became a judgment of the Southern District of Ohio and, therefore, is not a foreign judgment.

We agree with Kemper that, once it registered the judgment in accordance with Section 1963, Title 28, U.S.Code, it became a judgment of the Southern District of Ohio. Section 1963, Title 28, U.S.Code provides in relevant part:

"A judgment in an action for the recovery of money or property entered in any district * * * may be registered by filing a certified copy of such judgment in any other district * * *. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner. * * * "

Courts interpreting Section 1963 are in accord. The Sixth Circuit Court of Appeals determined that, once a judgment is registered with a district court, it has the same effect as a judgment originating in that district. *Ohio Hoist Mfg. Co. v. LiRocchi* (C.A.6, 1974), 490 F.2d 105, 107. The Seventh Circuit Court of Appeals noted:

"Once a certified copy of the final judgment has been so registered, the judgment is treated as if it were an original judgment of the registering court. A registered judgment is equivalent to a new federal judgment obtained by filing an independent action on the original judgment; it has the same status as a judgment on a judgment." *United States v. Febre* (C.A.7, 1992), 978 F.2d 1262.

In *Anderson v. Tucker* (D.Conn.1975), 68 F.R.D. 461, a judgment creditor registered a California federal judgment in the United States Court for the District of Connecticut pursuant to Section 1963, Title 28, U.S.Code. The creditor filed judgment liens on the debtor's property in Connecticut and then employed state law to foreclose those liens. The debtor sought to quash the registration on the grounds that the creditor failed to comply with the procedures contained in Connecticut's Uniform Enforcement of Foreign Judgments Act. The court rejected the argument, reasoning:

" * * * If fully imported into federal practice, this statute [the Foreign Judgments Act] would seem to make judgments of the District of Connecticut 'foreign' judgments when sought to be enforced in the District of Connecticut! * * *

"The judgments Anderson seeks to enforce have the effect of judgments of the District of Connecticut by virtue of 28 U.S.C. § 1963, quoted above. *See Stanford v. Utley*, 341 F.2d 265 (8th Cir.1965). Thus they are not 'foreign' judgments, and the requirements of [the Foreign Judgments Act] are inapplicable." *Id.* at 462–463.

Similarly, in *Sheridan v. 225 Broadway Co.* (D.N.J.1989), No. 89–1214, 1989 WL 48416, affirmed (C.A.3, 1989), 891 F.2d 283, the court stated:

"As the last sentence of the statute makes clear, when a judgment is registered with a district court it becomes the judgment of that court as well as the judgment of the court which originally rendered it."

Thus, when Kemper registered the California federal judgment in the Southern District of Ohio, it became a judgment of that court as well as a judgment of the court which originally rendered it.

Kemper next argues that, when the California judgment was registered pursuant to Section 1963, Title 28, U.S.Code, it was entitled to proceed under R.C. 2329.02 and perfect a valid lien against Schultz's property. R.C. 2329.02 reads, in part, as follows:

"Any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment * * *."

Schultz argues that R.C. 2329.02 only applies to a judgment *rendered* within Ohio, not a judgment *registered* pursuant to Section 1963, Title 28, U.S.Code. Appellant's argument is not well taken.

Registration under Section 1963, Title 28, U.S.Code is not merely ministerial or procedural. *Stanford v. Utley* (C.A.8, 1965), 341 F.2d 265, 267. "If registration is to 'have the same effect as a judgment,' it must, for our present enforcement purposes, mean just that and not something else." *Id.* at 270. By means of registration, Kemper's judgment is a judgment of the Southern District of Ohio and enforceable in like manner as any other judgment of the Southern District of Ohio. Thus, Kemper did not need to comply with the notice provisions of the Foreign Judgments Act and was entitled to proceed in accordance with R.C. 2329.02.[1]

Based on all of the foregoing, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PETREE and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.

---

1. Although the question is not squarely before us, we believe that a judgment creditor has the alternative of proceeding under R.C. 2329.021 *et seq.* See *Keeton v. Hustler Magazine, Inc.* (C.A.2, 1987), 815 F.2d 857, 860 (New York's embodiment of the Uniform Enforcement of Foreign Judgments Act is an alternative for a federal judgment).