## A03A1861. TUNNELITE, INC. v. ESTATE OF SIMS et al.

(597 SE2d 555)

JOHNSON, Presiding Judge.

This appeal involves the priority of judgment creditors. The procedural history is convoluted, but the essential facts are that one creditor obtained a judgment against a debtor in a federal district court located in Georgia, did not domesticate the judgment, but recorded the federal writ of execution on the judgment on the Fulton Superior Court general execution docket. Months later, another creditor obtained a judgment against the same debtor in the Fulton County Superior Court and recorded it on the general execution docket. In a declaratory judgment action filed by the second creditor, the trial court held that the federal court judgment was a foreign judgment and that since it was not domesticated, the Georgia judgment lien had priority. The main issue on appeal is whether a judgment obtained in a federal district court located in Georgia must be domesticated before a writ on the judgment can be effectively recorded and, if the judgment is not domesticated, whether it can have priority over a Georgia superior court judgment. We hold that domestication was not required, and we thus reverse the judgment of the trial court.

This litigation began in 1985 when attorney Moreton Rolleston, Jr., committed legal malpractice against his client, Rebecca Cherry, in a land transaction. Cherry, and later her estate, sued Rolleston in Fulton County Superior Court and won. That judgment was apparently satisfied.

Rolleston's malpractice insurer, St. Paul Fire & Marine, had defended him in the first action. St. Paul sued Rolleston in the United States District Court for the Northern District of Georgia to recover the money it posted as a supersedeas bond. The federal court entered judgment in St. Paul's favor in December 1999. St. Paul recorded its writ of execution on Fulton County's general execution docket in January 2000. Tunnelite, Inc. purchased St. Paul's judgment in February 2002, and recorded the assignment of the judgment on the general execution docket.

Cherry sued Rolleston in a second action in the Superior Court of Fulton County. The court rendered a judgment in Cherry's favor in May 2000, and Cherry recorded a writ of fieri facias in August 2000.[1]

When the Fulton County Sheriff's Department seized Rolleston's real property, Rolleston brought an action against Sheriff Jacqueline

[1] For other related actions, see, e.g., *Rolleston v. Estate of Sims*, 253 Ga. App. 182 (558 SE2d 411) (2002); *Rolleston v. Cherry*, 237 Ga. App. 733 (521 SE2d 1) (1999).

Barrett. Tunnelite and Cherry moved to intervene in that action. Upon learning that Tunnelite challenged the sheriff's levy procedures, the estate filed a complaint against Tunnelite seeking a declaration that Tunnelite lacked standing to challenge the legality of the sheriff's levy procedures because it held a foreign judgment that had not been domesticated. Tunnelite answered, asserting that domestication was not required and its lien had priority over Cherry's later-rendered judgment. After a bench trial, judgment was entered in favor of Cherry. Tunnelite appeals from that judgment.

1. Tunnelite contends the trial court erred in holding that its federal judgment is a foreign judgment and therefore must be domesticated before it is recognized by the courts of this state and before it attains any lien status in the courts of this state. We agree with Tunnelite and reverse.

28 USC § 1962 provides, in pertinent part, that:

> Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State.

This code section requires that a lien arises on a federal judgment in the exact same manner in which it arises on a state or superior court judgment.[2] The state cannot impose requirements on an intrastate federal judgment holder that are not imposed on state court judgment holders.[3] Not even a difference of "slight" character is permitted.[4]

Under Georgia law, a judgment debtor's personal property is automatically bound by a judgment as of the date the judgment is rendered.[5] To establish a lien on real property, a judgment creditor must file the writ of fieri facias on the general execution docket of the county in which the property is located.[6] Thus, given the "same treatment" requirement of 28 USC § 1962, all that a holder of an in-state federal judgment must do to establish a lien on real property is record his writ of execution on the general execution docket of the respective county.[7] St. Paul, Tunnelite's predecessor, perfected a judgment lien against Rolleston's Fulton County property on January 3, 2000, when it recorded its federal writ of execution on the

---

[2] See *Rhea v. Smith*, 274 U. S. 434, 442 (47 SC 698, 71 LE 1139) (1927).
[3] 28 USC § 1962; *Rhea*, supra.
[4] See *Rhea*, supra.
[5] OCGA § 9-12-80.
[6] OCGA §§ 9-12-86 (b); 9-12-81 (b); 9-12-82.
[7] 28 USC § 1962; *Rhea*, supra; OCGA §§ 9-12-86 (b); 9-12-81 (b); 9-12-82.

general execution docket.

Cherry argues that OCGA § 9-12-130 et seq., which is Georgia's codification of the Uniform Enforcement of Foreign Judgments Law ("UEFJL"),[8] requires a different result, because Tunnelite's judgment is a "foreign judgment" within the meaning of OCGA § 9-12-131, and OCGA § 9-12-132 requires that a foreign judgment be domesticated before it may be enforced and satisfied in the same manner as a judgment of a Georgia court. We disagree.

Indeed, OCGA § 9-12-131 provides that "[a]s used in this article, the term 'foreign judgment' means a judgment, decree, or order of a court of the United States or of any other court that is entitled to full faith and credit in this state." Yet, this statute does not require a holding in Cherry's favor.

Article VI of the United States Constitution provides that laws made under the authority of the United States shall be the supreme law of the land, and that the judges in every state are bound thereby. 28 USC § 1962 requires that federal court judgments be treated in the exact same manner as state court judgments. In *Rhea v. Smith*,[9] the United States Supreme Court held that federal law precludes states from treating in-state federal judgments differently from their treatment of state court judgments, and that even a slight difference between the requirements of establishing a state court judgment lien and an intrastate federal judgment lien is not acceptable. Moreover, the UEFJL provides a method for domesticating judgments obtained *outside Georgia*.[10] We note that OCGA § 9-3-20, which concerns "[a]ctions on foreign judgments," refers to foreign judgments as "judgments obtained *outside* this state."[11] For the same reasons, Cherry's reliance on OCGA § 9-12-132[12] is misplaced.

Cherry also relies on *Smith v. State of Ga.*,[13] to support its position that the federal intrastate judgment is a foreign judgment. That case holds that the judgment revival provisions of OCGA § 9-12-60 apply to a federal court judgment rendered in Georgia. That case, though, in no way involves 28 USC § 1962 or the issues of priority of judgment liens, and nothing in the opinion indicates that the characterization of a judgment of a federal intrastate court as a

---

[8] See *Smith v. State of Ga.*, 218 Ga. App. 429 (1) (461 SE2d 553) (1995).

[9] Supra.

[10] See *NationsBank v. Gibbons*, 226 Ga. App. 610, 612 (487 SE2d 417) (1997).

[11] (Emphasis supplied.)

[12] OCGA § 9-12-132 provides that a copy of a foreign judgment may be filed in the office of the clerk of a court of competent jurisdiction of this state, that the foreign judgment shall be treated in the same manner as a judgment of the court in which the foreign judgment is filed, and that a filed foreign judgment has the same effect and is subject to the same procedures and enforcement as a judgment of the court in which it is filed.

[13] Supra.

"foreign judgment" was at issue. Under the circumstances, the holding in *Smith* does not control our decision here. Tunnelite's judgment is not a foreign judgment.

2. Tunnelite contends the trial court erred in holding that the judgment of the estate, which was rendered in Fulton County Superior Court after Tunnelite's judgment was rendered by the federal court and its writ was recorded on the general execution docket of Fulton County, is senior in priority to Tunnelite's judgment. We agree with Tunnelite.

Tunnelite's lien was perfected in January 2000, when its predecessor filed a writ of execution on the Fulton County execution docket. Its lien therefore dates back to the date the judgment was rendered, December 1999. This lien is clearly senior to Cherry's lien, which was recorded in August 2000, and was based on a May 2000 judgment.[14]

3. Contrary to Cherry's contention, this appeal was not rendered moot by Tunnelite's recent filing of a legal malpractice action against the attorneys who failed to domesticate the federal judgment in the Rolleston litigation. Pointing to Tunnelite's allegation in the malpractice action that its counsel should have domesticated the judgment, Cherry contends that Tunnelite waived its appeal right in this case by taking the inconsistent position in the malpractice case.

It is true that, as a general rule, a voluntary act by a party by which it expressly or implicitly recognizes the validity and correctness of a judgment against it, will operate as a waiver of its right to bring error to reverse it, as where it receives affirmative relief under the judgment or takes a position inconsistent with its right of review.[15]

However, the trial court held that Tunnelite was required, but failed, to domesticate its judgment before recording it. If Tunnelite wanted to pursue a malpractice claim against its counsel for failing to meet that requirement, it had a limited amount of time in which to file that claim.[16] Tunnelite urges that it intentionally delayed filing such an action until the correctness of the trial court's judgment was decided by this Court but, about one week before the statute of limitation period expired, Tunnelite filed the malpractice action in order to avoid the deadline. We will not penalize the appellant for undertaking an action required by another legal procedural rule.[17] This is particularly true where Tunnelite's malpractice complaint explicitly recognizes the pendency of this appeal, where the matter at

---

[14] See OCGA § 9-12-80 et seq.

[15] *Allen v. Allen*, 198 Ga. 267 (31 SE2d 481) (1944); *J & F Car Care Svc. v. Russell Corp.*, 166 Ga. App. 888 (305 SE2d 504) (1983).

[16] See OCGA § 9-3-25.

[17] See generally *Riggio v. Lawson*, 204 Ga. App. 774, 775 (1) (420 SE2d 613) (1992).

the heart of this appeal has been, until now, unresolved,[18] and where the appellant has not received the benefit of the judgment under appeal.[19]

The cases upon which Cherry relies do not require a different result. For example, *Freemanville, LLC v. Hardesty*[20] is an unpublished dismissal order and serves as neither physical nor binding precedent.[21] Moreover, the appellants in those cases appealed zoning decisions, then filed new zoning applications while the appeals were pending. In contrast, the instant appeal is from a declaratory judgment deciding judgment lien issues, while the later-filed case is a malpractice case filed against attorneys. And, unlike in *J & F Car Care Svc.*,[22] the appellant in this case did not accept the benefits of the trial court's judgment. The appeal is not moot.

4. Based on our reversal of the trial court's judgment, we need not address Tunnelite's motion to vacate the trial court's judgment on other grounds. Nor are we required to reach Tunnelite's contentions concerning the admission of certain testimonial evidence.

*Judgment reversed. Eldridge and Mikell, JJ., concur.*

DECIDED MARCH 24, 2004 — 

*Vincent M. Tilley, G. Roger Land, Robert C. Koski*, for appellant.
*Chamberlain, Hrdlicka, White, Williams & Martin, James L. Paul, Michael S. Welsh, Winburn, Lewis, Barrow & Stolz, Irwin W. Stolz, Jr., Shelby A. Outlaw, Vernitia A. Shannon, John A. Ayoub*, for appellee.

---

[18] See generally *Pimper v. State of Ga.*, 274 Ga. 624, 626 (555 SE2d 459) (2001).
[19] See generally *J & F Car Care Svc.*, supra.
[20] Case Nos. A02A1178-A02A1181, decided July 17, 2002.
[21] Court of Appeals Rule 33 (b).
[22] Supra.