A05A1841. GUIN et al. v. ALARM DETECTION INDUSTRIES, INC.
(628 SE2d 376)

ADAMS, Judge.

Alarm Detection Industries, Inc. obtained a federal judgment against Raymond and Annette Guin in Illinois and sought to enforce that judgment against the Guins in Georgia. Alarm followed federal law to register the judgment in Georgia and began proceedings to foreclose on the Guins' home. The Guins sought injunctive relief primarily on the ground that Alarm had failed to follow the Uniform Enforcement of Foreign Judgments Law (UEFJL) as codified in Georgia, which requires a different procedure. The trial court denied injunctive relief, and the Guins now appeal.

The relevant facts are not in dispute. Alarm obtained judgment by default, in a suit alleging breach of an equipment lease, in the district court for the Northern District of Illinois on November 29, 1989. After the period for appeal expired, the Illinois court certified

---

the judgment for registration in another district. On February 2, 1990, Alarm filed the certified judgment in the district court for the Middle District of Georgia. The Georgia district court then issued a writ of execution, and Alarm caused the writ to be recorded on the lien records in the Bibb County Superior Court on February 5, 1990, January 11, 1996, and October 28, 2002.[1] On March 3, 2004, Alarm began proceedings to foreclose on the Guins' home at 2366 Robin Hood Drive in Macon.

On April 4, 2004, the Guins filed suit in Bibb County to set aside the Illinois judgment, and they sought injunctive relief and damages. The Bibb County Superior Court denied injunctive relief on June 15, 2004.

1. Alarm registered the Illinois judgment in Georgia pursuant to applicable federal law that allows registration of judgments obtained in one district court in any other federal district court:

> A judgment in an action for the recovery of money or property entered in any ... district court ... may be registered by filing a certified copy of the judgment in any other district.

28 USC § 1963. By operation of that same law, once registered in Georgia, the judgment had the same effect as a judgment of a district court in Georgia:

> A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

Id. And according to the plain language of another federal statute, federal court judgments "rendered by a district court within a State" shall be liens with the same legal effect as state court judgment liens:

> Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State.

28 USC § 1962. Under Georgia law, all Alarm was required to do to establish a lien on the Guins' home was to record the writ of execution

---

[1] The Guins filed for bankruptcy under Chapter 7 and were discharged on November 2, 1990, but the parties do not dispute that if the judgment lien was properly registered and recorded, it would apply to real property owned by the Guins prior to the Chapter 7 filing.

on the general execution docket in Bibb County. OCGA § 9-12-81 (b). The trial court held that Alarm had correctly followed these procedures.

The Guins contend 28 USC § 1962 does not apply because the Illinois judgment was not "rendered by a district court within [Georgia]" and that therefore Alarm was required to follow alternative procedures found in the UEFJL to domesticate the federal court judgment. See OCGA § 9-12-130 et seq.

Although there is no Georgia precedent on point, we find that federal and other state case law controls this issue adversely to the Guins:

> The language of [28 USC § 1963] is absolutely clear that once the judgment is registered in the new district, it "shall have the same effect as a judgment of the district court of the district where registered. . . ." Thus, the judgment so registered is no longer a "foreign" judgment. *See, Anderson v. Tucker*, 68 FRD 461 (D. Conn. 1975) (California judgment registered in Connecticut under the registration statute, 28 USC § 1963, so that a requirement of Connecticut law relating to procedures for enforcement of foreign judgments was found inapplicable).

*United States v. Palmer*, 609 FSupp. 544, 547 (E.D. Tenn. 1985).

The cited case of *Anderson v. Tucker* is directly on point. In that case, the objecting party argued that Anderson had failed to follow Connecticut's Uniform Enforcement of Foreign Judgments Act (UEFJA) when attempting to enforce a California federal court judgment in Connecticut.[2] But the district court held, as noted above, that by operation of 28 USC § 1963, the California judgment was no longer a "foreign" judgment, and therefore the UEFJA did not apply. *Anderson*, 68 FRD at 463. One state court has reached the same result. See *Kemper Securities, Inc. v. Schultz*, 107 Ohio App.3d 258 (668 NE2d 554) (10th Dist. Franklin County 1995) (California federal court judgment became a local judgment once registered in an Ohio federal court and therefore the Ohio statute governing foreign judgments did not apply). But see *In re Alford*, 308 BR 563, 568 (S.D. Ala. 2002) (Without analysis or discussion, the court held, "In Florida, for the [foreign federal] judgment to be enforceable, it must be recorded under the [Florida] UEFJA.").

---

[2] Connecticut, like Georgia and most other states, has adopted the "Uniform Enforcement of Foreign Judgments Act." See C.G.S.A. §§ 52-604 to 52-609. See also Uniform Enforcement of Foreign Judgments Act, 1964.

The Georgia UEFJL provides that it "shall be interpreted and construed to achieve its general purposes to make the law of those states which enact it uniform." OCGA § 9-12-137.[3] We find the above-cited case law to be persuasive and that it indicates a uniform approach with regard to the issue at hand. Nothing in *Tunnelite, Inc. v. Estate of Sims*, 266 Ga. App. 476 (597 SE2d 555) (2004) (in-state federal judgment not a "foreign judgment" under UEFJL), is inconsistent with our holding.

2. Because the statute of limitation issue was not raised at the trial level, it cannot be raised before the appellate court. Court of Appeals Rule 25 (c). Issues not raised at trial will not be considered for the first time on appeal. *Coweta County v. City of Senoia*, 275 Ga. 707, 709 (4) (573 SE2d 21) (2002).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED MARCH 8, 2006.

*Neal Weinberg*, for appellants.
*Stone & Baxter, James P. Smith*, for appellee.

---

[3] The model Uniform Act has slightly different wording: "This Act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it." Uniform Enforcement of Foreign Judgments Act, 1964 § 7.