[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13986
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-02971-JOF

BRANCH BANKING & TRUST COMPANY,

Plaintiff,

RL BB ACQ II-GA HARP, LLC,

Plaintiff-Appellee,

versus

JOHN E. RAMSEY,
THE HARPAGON COMPANY, LLC,
HARPAGON MO, LLC,
ZACCHAEUS HOLDINGS, LLC,
DOMINUS HOLDINGS, LLC,
VESTA HOLDINGS, INC.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 19, 2014)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Defendants-Appellants John E. Ramsey; the Harpagon Co., LLC; Harpagon MO, LLC; Zacchaeus Holdings, LLC; Dominus Holdings, LLC; and Vesta Holdings, Inc. (collectively "Defendants") appeal from the district court's postjudgment order instructing the Sheriff of Fulton County, Georgia to levy on Defendants' real property. After review of the entire record on appeal and upon consideration of the parties' briefs, we vacate that order and remand.

## I.  FACTUAL BACKGROUND

This lawsuit began with Branch Banking & Trust Co. (the "Bank") as the plaintiff. The Bank extended loans to Defendants pursuant to multiple loan and guaranty agreements and entered into an interest rate swap agreement with Defendant Harpagon Co. The Bank filed this action to recover amounts due under the terms of those agreements.

In February 2012, the district court determined that Defendants had breached the relevant agreements and granted summary judgment in favor of the Bank's successor in interest, the Rialto Real Estate Fund ("Rialto"). The district court entered a money judgment in the amount of $9,972,059.32 against Defendants.[1] Subsequently, Rialto assigned and transferred that money judgment to RL BB

---

[1] Defendant Harpagon MO was liable for only $1,616,952.15, and Defendant Harpagon Co. was liable for only $8,355,107.17.

ACQ II-GA HARP, LLC ("RL BB").  On July 24, 2012, the district court entered an amended money judgment in that same amount in favor of Rialto's successor in interest, RL BB.  Accordingly, for the purposes of this appeal, the plaintiff is now RL BB.

On August 3, 2012, the district court issued a federal writ of execution for the enforcement of the amended money judgment.  The federal writ was directed "TO THE MARSHAL OF: THE NORTHERN DISTRICT OF GEORGIA" and commanded that Defendants' land in this district be levied to satisfy the debt reflected in that judgment.

More than a year later, on August 27, 2013, Plaintiff RL BB filed a motion requesting that the district court issue an order "instructing and/or allowing the Sheriff of Fulton County, Georgia to conduct levies of any and all real properties in the name or names of Defendants."  Plaintiff RL BB noted that the district court had issued its federal writ of execution and asserted that, under Rule 69(a)(1) of the Federal Rules of Civil Procedure, it could enforce that amended money judgment by way of that writ of execution and the procedures of the state in which the district court was located, in this case, Georgia.  However, Plaintiff RL BB asserted that it first needed the district court to issue the requested order before Plaintiff RL BB could use Georgia's enforcement procedures involving the Fulton County Sheriff.  Plaintiff RL BB explained that the "Sheriff of Fulton County,

3

Georgia has informed Plaintiff that it needs to obtain an Order from this Court instructing the Sheriff to levy upon any and all property of the Judgment Debtors located in Fulton County, Georgia."

Two days later, on August 29, 2013, the district court issued an order instructing the Fulton County Sheriff to "levy any and all real property or properties in the name or names of Defendants" to satisfy the amended money judgment ("the Sheriff's Order").  That same day, Defendants filed a notice of appeal.

On December 16, 2013, while this appeal was pending, Plaintiff RL BB filed a copy of the federal writ of execution that reflected that the writ had now been filed and recorded with the Clerk of Superior Court of Fulton County, Georgia on August 10, 2012.[2]

## II.  DISCUSSION

A.    **Appellate Jurisdiction under 28 U.S.C. § 1291**

Under 28 U.S.C. § 1291, this Court has jurisdiction only of appeals from "final decisions of the district courts."  28 U.S.C. § 1291; see Mayer v. Wall St.

---

[2]Plaintiff RL BB's request for this Court to take judicial notice—of the fact that Plaintiff RL BB has filed and recorded the federal writ of execution with the Clerk of Superior Court of Fulton County, Georgia—is GRANTED.  See Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); see also Lozman v. City of Riviera Beach, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) (taking judicial notice of court documents from a state eviction action).

Equity Grp., Inc., 672 F.3d 1222, 1224 (11th Cir. 2012).  "A final decision is typically one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment."  Mayer, 672 F.3d at 1224 (internal quotation marks omitted).

Of course, this appeal involves a postjudgment proceeding.  And, therefore, "the meaning of a final decision is less clear because the proceeding[] necessarily follow[s] a final judgment."  Id. (internal quotation marks omitted).  Further, where there is a final judgment, this Court treats "the postjudgment proceeding as a free-standing litigation."  Id. (quotation marks omitted).  Thus, the district court's postjudgment order is final only "if it disposes of all the issues raised in the motion that initially sparked the postjudgment proceedings."  Id.

Here, we must determine if the district court's Sheriff's Order is a final decision.  In this case, Plaintiff RL BB filed a motion requesting a post-judgment order for the Fulton County Sheriff to levy on Defendants' property, and the district court entered an order disposing of all issues in that postjudgment motion.[3]

---

[3]Plaintiff RL BB argues that we lack jurisdiction because, "[a]s a general matter, challenges to orders entered in aid of execution on a judgment are not appealable."  In support, Plaintiff cites United States v. Moore, 878 F.2d 331, 331 (9th Cir. 1989) (dismissing appeal and stating that "this court [has] held that the denial of a motion to quash a writ of execution is not an appealable order" because "the order did not finally dispose of an entire controversy between the parties").  We do not find Moore persuasive here, however, because the Ninth Circuit has held that Moore's ruling only applies to interlocutory orders and does not apply where there are no other matters before the district court, as is the case here.  See United States v. Mays, 430 F.3d 963, 965 (9th Cir. 2005).

Therefore, the Sheriff's Order is a final decision, and we have jurisdiction over this appeal from that Sheriff's Order under § 1291.

## B.    Article III Standing

Plaintiff RL BB argues that Defendants lack standing to appeal because they cannot show any actual or imminent injury, as the Fulton County Sheriff has not yet levied on any of Defendants' property.

To show standing, a litigant must show: "(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." See KH Outdoor, L.L.C. v. Clay Cnty., 482 F.3d 1299, 1303 (11th Cir. 2007) (quotation omitted); Hollingsworth v. Perry, 570 U.S. ___, ___, 133 S. Ct. 2652, 2661 (2013) (applying the three-part standing test in the appellate context).[4]

One difference between standing to appeal and standing to bring suit is that, at the appellate level, the focus shifts to injury caused by the judgment rather than injury caused by the defendant. See 15A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3902 (2d ed. 1992); see also Wolff v. Cash 4 Titles, 351 F.3d 1348, 1353-54 (11th Cir. 2003) (providing that

---

[4]The party invoking federal jurisdiction bears the burden of proving standing. KH Outdoor, 482 F.3d at 1303.

6

"[o]nly a litigant who is aggrieved by the judgment or order may appeal" (quotation marks omitted)).

Defendants have satisfied their burden to show standing. First, Defendants are the actual litigants subject to the amended money judgment and thus are directly affected by the district court's order allowing the Fulton County Sheriff to levy on their property. Second, there are differences between having a U.S. marshal, rather than the Fulton County Sheriff, levy on and sell property. For example, a U.S. marshal's commission related to selling property appear to be lower than the Fulton County Sheriff's commission. Compare Ga. Code Ann. § 15-16-21(b)(7) (providing for (1) an 8 percent commission for sales of property for $50 or less, (2) a 6 percent commission on "excess above $50.00 up to $550.00," and (3) a 3 percent commission on "all sums exceeding $550.00, on excess") with 28 U.S.C. § 1921(c)(1) (providing for "a commission of 3 percent of the first $1,000 collected and 1 1/2 percent on the excess of any sum over $1,000"). There is also an inherent difference under federalism principles between having a federal officer, who routinely executes federal judgments, versus a state officer, levy on Defendants' real property. Therefore, the Defendants' injury is actual, and not merely speculative, and is directly traceable to the district court's order allowing the Fulton County Sheriff, as opposed to the U.S. marshal, to levy on Defendants' property. See KH Outdoor, 482 F.3d at 1303. Finally,

Defendants' injury is redressible by a favorable judicial decision by this Court.[5]

Thus, we conclude that Defendants have appellate standing.

## C.    Enforcement of the Amended Judgment[6]

Defendants argue that the district court lacked authority under Rule 69(a) of

the Federal Rules of Civil Procedure to order the Fulton County Sheriff to levy on

Defendants' property and that only a U.S. marshal could levy on their property.

Rule 69(a) addresses writs of execution in postjudgment proceedings in

federal courts.  See Fed. R. Civ. P. 69(a)(1).  Under Rule 69(a), "[a] money

judgment is enforced by a writ of execution, unless the court directs otherwise."

Id.  Thus, the amended money judgment here is enforced by way of a writ of

execution.[7]  The question in this appeal, though, is who can carry out the writ of

---

[5]Plaintiff RL BB also argues that Defendants' injury is not redressible because the Fulton County Sheriff can execute the federal judgment even if the district court had not entered the Sheriff's Order.  In support, they cite Tunnelite, Inc. v. Estate of Sims, 597 S.E.2d 555 (Ga. Ct. App. 2004), and Guin v. Alarm Detection Indus. Inc., 628 S.E.2d 376 (Ga. Ct. App. 2006).

Plaintiff RL BB's argument is undermined by its admission in the district court that the Fulton County Sheriff would not execute the federal judgment without the district court first issuing an order instructing the sheriff to levy on Defendants' property.  In addition, the federal writ of execution commands the U.S. Marshal for the Northern District of Georgia, not the Fulton County Sheriff, to levy on Defendants' property.  Finally, Tunnelite and Guin are not relevant, as they do not address the situation presented here, that is, who should execute a federal writ of execution.  See Tunnelite, 597 S.E.2d at 556-57; Guin, 628 S.E.2d at 376-77.

[6]"[T]o the extent that the issue involves the interpretation of the Federal Rules of Civil Procedure, we review de novo."  Pickett v. Iowa Beef Processors, 209 F.3d 1276, 1279 (11th Cir. 2000).

[7]In Plaintiff RL BB's motion for the Sheriff's Order, Plaintiff RL BB indicated that it sought to use the federal writ of execution to enforce the amended money judgment.  Plaintiff RL BB did not ask the district court to enforce the amended money judgment by any way other

8

execution and levy on Defendants' property: stated another way, who can execute the federal writ.

A federal statute expressly addresses who can execute the federal writ of execution. Specifically, 28 U.S.C. § 566 provides that "[e]xcept as otherwise provided by law or Rule of Procedure, the United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States . . . ." 28 U.S.C. § 566(c) (emphases added). Plaintiff has failed to point us to any statute or procedural rule providing that someone other than a U.S. marshal may levy on property in the course of executing a federal writ, and we can find none.[8] Thus, we conclude that, under Rule 69(a) and § 566(c), only a U.S. marshal may execute the federal writ of execution by levying on and selling Defendants' property.[9]

We recognize that Rule 69(a) also provides that "[t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or

than a federal writ of execution. Thus, the "unless the court directs otherwise" language of Rule 69(a) is not at issue here.

[8]We do not decide what procedures must be followed in serving the writ of execution and selling the levied property in the course of enforcing the amended judgment under Rule 69(a).

[9]Under Georgia law, a valid levy on real property may be accomplished by: (1) the levying officer making an official entry of levy on the execution, or (2)the levying officer constructively seizing the real property. Huff v. Harpagon Co., 692 S.E.2d 336, 337 (Ga. 2010) (holding that the mere issuance of a writ of execution or its recordation does not qualify as a valid levy).

9

execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Id. Rule 69(a) therefore adopts state procedures for execution only to the extent that there is no applicable federal statute or rule. See id.; 12 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3012 (2d ed. 1992).[10] But, as noted above, there is a federal statute stating that the U.S. Marshals Service "shall execute all lawful writs," and thus, that federal statute governs here. See 28 U.S.C. § 566(c); see also Yazoo & M.V.R. Co. v. City of Clarksdale, 257 U.S. 10, 18, 24 42 S. Ct. 27, 29, 31 (1921) (interpreting Rule 69's predecessor, § 916 of the Revised Statutes, and determining that judgment creditors were entitled only to remedies "similar" to those of the state court and that the officer executing a federal writ of execution "must be the marshal, and not the sheriff" (emphasis added)); Fed. R. Civ. P. 69(a), advisory committee notes (providing that Rule 69 follows in substance former 28 U.S.C. § 727, the predecessor of which was R.S. § 916).[11]

### III. CONCLUSION

---

[10]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[11]We do not address whether Plaintiff can have the Fulton County Sheriff levy on Defendants' property after domesticating the amended judgment under Georgia law. See Ga. Code Ann. § 9-12-130 et seq. There is no contention here that plaintiff has domesticated the amended judgment.

For the foregoing reasons, we vacate the Sheriff's Order and remand for further proceedings.

**VACATED AND REMANDED.**