**IN RE: Kenneth Graham MCNEIL, Debtor.**

**Agnes Reid, and John Reid, Plaintiffs,**

**v.**

**Kenneth Graham McNeil, Defendant.**

**Case No. 02–53971**

**Adv. Pro. No. 02–5280**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Signed April 24, 2017

---

Brandy L. Bayman, Bloomfield Hills, MI, for Plaintiff.

Bryan D. Marcus, Royal Oak, MI, for Defendant.

## OPINION AND ORDER DENYING PLAINTIFFS' REQUEST FOR ORDER TO SEIZE PROPERTY

Thomas J. Tucker, United States Bankruptcy Judge

On June 12, 2003, the Court entered a default judgment in the amount of $653,498.03 in favor of Plaintiffs and against Defendant in this adversary proceeding (Docket # 28, the "Judgment"). On May 31, 2013, the Plaintiff Agnes Reid filed a motion entitled "Ex Parte Motion for Renewal of Judgment" (Docket # 40, the "Motion"), seeking renewal of the Judgment. The Motion stated, in relevant part that "[a]s of May 30, 2013, Defendant has failed to satisfy the [J]udgment" and that "Defendant has not paid any amount whatsoever toward the [J]udgment" (*Id.* at ¶¶ 2–3). On June 4, 2013, the Court entered an order renewing the Judgment for an additional 10–year period (Docket # 41).

Recently, Plaintiffs submitted to the Clerk of this Court a document entitled "Request [for] Order to Seize Property," which, in relevant part, requests that the Court enter an order requiring "any sheriff, deputy sheriff or authorized court officer" to "[s]eize and sell, according to law, any of the personal property (as determined by the officer) of [the defendant] ... as will be sufficient to satisfy" the debt arising out of the Judgment, and to take certain other actions. (A copy of the request is attached to this Opinion and Order, for reference purposes.)

■ The Court must deny Plaintiffs' request, because this Court does not have authority to order a state sheriff or other state court officer to collect a judgment of this Court.[1]

---

1. The Court notes that it previously denied a similar request by the Plaintiffs, on November 27, 2013. (*See* "Order Denying Plaintiff Agnes Reid's Ex Parte Motion for Appointment of Court Officer for Purposes of Serving And Executing Order to Seize Property" (Docket # 44).)

■ In *Hauk v. Valdivia (In re Valdivia)*, 520 B.R. 95, 97 (Bankr. E.D. Mich. 2014) (footnote omitted), *Aff'd*, No. 14-14429, 2015 WL 1015127 (E.D. Mich. Mar. 3, 2015), this Court stated:

> [T]he Court concludes that only the United States Marshals Service may serve and execute on a writ of execution issued by this Court. No state court officer may do so. *See Branch Banking & Trust v. Ramsey*, 559 Fed.Appx. 919, 924 (11th Cir.2014) (interpreting 28 U.S.C. § 566(c) to mean that "only a U.S. marshal may execute the federal writ of execution by levying on and selling [a judgment debtor defendant's] property"). This Court has no authority to direct a state officer to serve and execute on a writ of execution. Only an appropriate state court would have such authority.

The Court explained further that:

> if [the p]laintiff's counsel wants to use a state court officer to execute on a writ of execution, he can only accomplish that by domesticating this Court's September 3, 2014 default judgment in an appropriate Michigan court, and then have that Michigan court issue its own writ of execution, which a state court officer can then serve. Plaintiff can file an authenticated copy of this Court's judgment in the office of the clerk of a circuit, district, or municipal court in the state of Michigan under the "Uniform Enforcement of Foreign Judgments Act." Mich. Comp. Laws Ann. §§ 691.1171–691.1179. That Michigan law provides, in relevant part:
>
> > Sec. 3. A copy of a **foreign judgment** authenticated in accordance with an act of congress or the laws of this state may be filed in the office of the clerk of the circuit court, the district court, or a municipal court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court, the district court, or a municipal court of this state. A judgment filed under this act has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of the circuit court, the district court, or a municipal court of this state and may be enforced or satisfied in like manner.
>
> Mich. Comp. Laws Ann. § 691.1173 (bold emphasis added). As used in this statute, "foreign judgment" includes a judgment of the United States Bankruptcy Court—it "means any judgment, decree, or order of a court of the United States or of any other court that is entitled to full faith and credit in this state." Mich. Comp. Laws Ann. § 691.1172.

*Valdivia*, 520 B.R. at 97–98.

Thus, Plaintiffs may domesticate their Judgment in an appropriate state court, and pursue collection of the Judgment in that court. Or alternatively, Plaintiffs may file a request for this Court to issue a writ of execution directed to the United States Marshal.

Accordingly,

IT IS ORDERED that Plaintiffs' Request [for] Order to Seize Property" is denied, without prejudice to Plaintiffs' right to file a request for a writ of execution directed to the United States Marshal.

Attachment

Approved, SCAO

Original - Court 2nd copy - Defendant
1st copy - Officer 3rd copy - Plaintiff

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| US JUDICIAL DISTRICT<br>BANKRUPTCY JUDICIAL CIRCUIT | REQUEST AND ORDER TO<br>SEIZE PROPERTY | 02-5280-R |

**Court address**
211 W. Fort Street #2100, Detroit, MI 48226

**Court telephone no.**
(313) 234-0065

| Plaintiff name(s), address(es), and telephone no(s).<br>Agnes Reid<br>John Reid<br>c/o Attorney | v | Defendant name(s), address(es), and telephone no(s).<br>Kenneth Graham McNeil<br>a/k/a Kenneth Neil Graham<br>520 Parkview Lane<br>Frankfort, MI 49635 |
|---|---|---|

**REQUEST AND VERIFICATION**

1. Plaintiff received judgment against defendant for $ 653,498.03 on 06/12/2003 .
2. The total amount of judgment interest accrued to date is $ 91,751.12 . The total amount of postjudgment costs accrued to date is $ 0.00 . The total amount of postjudgment payments made and credits to date is $ 0.00 . The **amount of the unsatisfied judgment now due (including interest and costs) is** * $ 745,249.15 .
 *Statutory interest, officer/sheriff fees, and expenses may be charged in addition to the unpaid judgment balance, according to law.
3. The plaintiff asks the court to issue an order to seize the property of the following defendant(s):

| Kenneth Graham McNeil | N/A |
|---|---|
| Name | Date of birth (if available) |
| Kenneth Neil Graham | N/A |
| Name | Date of birth (if available) |

Date 4/11/17

Plaintiff/Attorney signature

P47125
Bar no.

| 29488 Woodward Avenue, Suite 451 | Royal Oak | MI | 48073 | (248) 320-1071 |
|---|---|---|---|---|
| Address | City | State | Zip | Telephone no. |

**ORDER**

**TO ANY SHERIFF, DEPUTY SHERIFF, OR AUTHORIZED COURT OFFICER - YOU ARE ORDERED TO:**

1. Seize and sell, according to law, any of the personal property (as determined by the officer) of defendant(s) named above in the **Request and Verification** that is not exempt from seizure, as will be sufficient to satisfy the plaintiff's demand, costs, and any statutory fees and expenses. Personal property may include, but is not limited to motor vehicles or money, wherever located.
2. If sufficient personal property of defendant(s) cannot be found within your jurisdiction, seize and sell any of the real property of defendant(s) not exempt from seizure, as will be sufficient to satisfy plaintiff's demand, costs, and any statutory fees and expenses.
3. Collect from the sale of the property enough money to pay all of your statutory fees and statutory expenses.
4. Deposit proceeds of sale with the ☐ court ☐ plaintiff after deducting statutory fees and statutory expenses.
☐ 5. **Claim and Delivery Only:** Seize the property described in the attached judgment for claim and delivery and deliver to the plaintiff(s); or if the property is not found in the possession of the defendant(s), levy the value of it.
6. You must endorse the month, day, year, and hour that you receive this order, and **that time is the effective date of this order.** You must return this order not less than 20 days, nor more than 90 days, from the effective date. If you have begun to serve this order on or before the return date, you may complete the service and return after the return date.
7. You may not continue collecting on this order after the return date except as indicated in item 6.
8. Order to be served by _____

Authorized court officer/Deputy sheriff

Date _____

Judge _____ Bar no. _____

**ENDORSEMENT:** I certify that I received this order on _____ at _____

Date Time

Authorized court officer/Deputy sheriff

**TO THE DEFENDANT:** The person taking property must provide you with a receipt of all money paid by you and an inventory of the property taken.

MC 19 (3/13) **REQUEST AND ORDER TO SEIZE PROPERTY** MCL 600.2920, MCL 600.6002, MCR 3.106