**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 10, 2019**

# In the Court of Appeals of Georgia

A19A1666. AMUSEMENT LEASING, INC. v. GEORGIA
      LOTTERY CORPORATION.

BARNES, Presiding Judge.

After the Georgia Lottery Corporation ("GLC") revoked Amusement Leasing, Inc.'s coin-operated amusement machine master license, Amusement Leasing filed a petition for judicial review in the superior court. The superior court granted the GLC's motion to dismiss the petition on the ground that Amusement Leasing failed to exhaust its available administrative remedies. Amusement Leasing then filed this direct appeal from the superior court's order, and the GLC filed a motion to dismiss the appeal on the ground that Amusement Leasing was required to file an application for discretionary review. For the reasons discussed below, we deny the GLC's motion to dismiss the appeal and affirm the superior court's order.

The relevant procedural facts are undisputed. Amusement Leasing was the holder of a Class B coin-operated amusement machine ("COAM") master license granted by the GLC, which administers Georgia's statutory framework applicable to COAMs and COAM businesses. See OCGA §§ 16-12-35 and 50-27-70 to 50-27-104. See generally *Gebrekidan v. City of Clarkston*, 298 Ga. 651, 655-658 (3) (a) (784 SE2d 373) (2016) (discussing the COAM laws and their administration by the GLC). In 2016, the GLC issued three citations to Amusement Leasing for alleged violations of the COAM laws, and the GLC sent a letter notifying Amusement Leasing that its master license would be revoked, effective March 7, 2016.

Amusement Leasing requested and was granted a hearing before a GLC-appointed hearing officer to challenge the citations and license revocation. Following the hearing, on December 13, 2016, the hearing officer issued an executive order finding that Amusement Leasing had violated the COAM laws and provisions of the GLC Rules and Regulation Manual (the "GLC Rules") in several respects. The hearing officer, among other things, upheld the revocation of Amusement Leasing's master license and imposed an administrative penalty of $10,000.

On January 9, 2017, Amusement Leasing filed a timely request for reconsideration with the hearing officer, who denied the request on February 7, 2017

2

(the "Reconsideration Order"). The Reconsideration Order was served on Amusement Leasing on February 24, 2017. Over a year later, on July 24, 2018, Amusement Leasing filed an untimely motion for review with the Chief Executive Officer ("CEO") of the GLC in which it challenged the hearing officer's ruling and requested out-of-time consideration of the motion (the "Motion for Review"). The CEO did not issue an order on the Motion for Review within 30 days, and the motion was deemed denied under GLC Rules.[1]

On September 24, 2018, Amusement Leasing filed a petition for judicial review in the Superior Court of Fulton County in which it argued, among other things, that the GLC erred in revoking its master license. The superior court subsequently entered a final order dismissing Amusement Leasing's petition for failure to exhaust administrative remedies, and Amusement Leasing filed a notice of appeal from that order.

1. As an initial matter, we note that the GLC has filed a motion to dismiss this direct appeal on the jurisdictional ground that Amusement Leasing was required to follow our discretionary application procedure to obtain appellate review. Because

---

[1] See GLC Rule 13.2.5 (1) (b) (4).

3

Amusement Leasing was authorized to file a direct appeal from the superior court's final order reviewing the decision of the GLC, we deny the GLC's motion to dismiss.

Two code sections principally determine the method that a party must follow to obtain appellate review in Georgia: OCGA §§ 5-6-34 and 5-6-35. See *Grogan v. City of Dawsonville*, 305 Ga. 79, 82 (2) (823 SE2d 763) (2019); *Rebich v. Miles*, 264 Ga. 467, 468 (448 SE2d 192) (1994). OCGA § 5-6-34 (a) lists several categories of trial court orders that may be appealed directly to this Court, including "[a]ll final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35." OCGA § 5-6-34 (a) (1).[2] In contrast, OCGA § 5-6-35 (a) lists several categories of trial court orders for which an application for discretionary review is required, including "[a]ppeals from decisions of the superior courts reviewing decisions of . . . state and local administrative agencies." OCGA § 5-6-35 (a) (1). An administrative agency is "a governmental body charged with administering and implementing particular legislation." *State v. Intl. Keystone Knights of the Ku Klux Klan*, 299 Ga. 392, 400 (4) (a), n. 20 (788 SE2d

---

[2] OCGA § 5-6-34 (b) describes the interlocutory appeal procedure that must be followed to obtain review of other orders, but that subsection is not pertinent to the present appeal. See generally *Grogan*, 305 Ga. at 82 (2) (discussing interlocutory appeal procedure).

455) (2016), quoting Black's Law Dictionary at 42 (5th ed. 1979). See *Wolfe v. Bd. of Regents of the Univ. System of Ga.*, 300 Ga. 223, 227 (2) (a) (794 SE2d 85) (2016). "The discretionary application procedure must be followed if the underlying subject matter is listed in OCGA § 5-6-35 (a), even when the party is appealing a judgment or order that is procedurally subject to a direct appeal under OCGA § 5-6-34 (a)." (Citation and punctuation omitted.) *Grogan*, 305 Ga. at 82 (2).

The GLC argues that OCGA § 5-6-35 (a) (1) applies to cases involving the superior court's review of the GLC's decisions. We disagree because the General Assembly has expressly provided that the GLC is not to be treated as a state agency. The GLC was created by the General Assembly in 1992 under the authority of the Georgia Lottery for Education Act (the "Education Act"), OCGA § 50-27-1 et seq.,[3] and OCGA § 50-27-4 of the Education Act provides in relevant part: "There is created a body corporate and politic to be known as the Georgia Lottery Corporation which shall be deemed to be an instrumentality of the state, *and not a state agency*, and a public corporation."[4] (Emphasis supplied.) "When we consider the meaning of

_____

[3] See Ga. L. 1992, p. 3173, § 2.

[4] The GLC also is exempt from the requirements of the Georgia Administrative Procedure Act, OCGA § 50-13-1 et seq. See OCGA § 50-27-9 (a) (3), (19). Another code section, OCGA § 50-27-77, refers to appeals in the context of decisions by the

5

a statute, we must presume that the General Assembly meant what it said and said what it meant." (Citation and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172 (1) (751 SE2d 337) (2013). By its plain language, OCGA § 50-27-4 makes clear that the GLC is not to be deemed a state agency. See *Ga. Lottery Corp. v. Tabletop Media*, 346 Ga. App. 498, 501 (816 SE2d 438) (2018) (quoting OCGA § 50-27-4 for proposition that GLC is "not a state agency").

Furthermore, the "contextual backdrop" of a statute is relevant in determining its meaning. *Wright v. Brown*, 336 Ga. App. 1, 4 (2) (783 SE2d 405) (2016). When OCGA § 50-27-4 was enacted in 1992 as part of the Education Act, OCGA § 5-6-35 (a) (1) had been in force for many years.[5] "We must . . . presume that the General Assembly had full knowledge of the existing state of the law and enacted [OCGA § 50-27-4] with reference to it." (Footnote and punctuation omitted.) *Wright*, 336 Ga.

GLC but does not specify whether OCGA §§ 5-6-34 or 5-6-35 should apply: "Appeal from any final judgment of the Superior Court of Fulton County may be taken by any party, including the corporation, in the manner provided for in civil actions generally."

[5] OCGA § 5-6-35 (a) (1) was enacted in 1979. See Ga. L. 1979, p. 619, § 3. See also *Intl. Keystone Knights of the Ku Klux Klan*, 299 Ga. at 398 (4) (discussing enactment of OCGA § 5-6-35 (a) (1)). The original version of the statutory subsection did not extend to decisions by the State Board of Education, but it did apply to decisions by state and local administrative agencies. See Ga. L. 1979, p. 619, § 3; *Intl. Keystone Knights of the Ku Klux Klan*, 299 Ga. at 398 (4), n. 18.

App. at 4 (2). See *Buice v. Dixon*, 223 Ga. 645, 647 (157 SE2d 481) (1967). We therefore presume that the General Assembly's express statement that the GLC is "not a state agency" was a matter of considered choice made with knowledge of the existing law of appellate procedure. See id.

Accordingly, based on the language of OCGA § 50-27-4 and the contextual backdrop in which it was enacted, a superior court order reviewing a decision of the GLC does not fall within the ambit of OCGA § 5-6-35 (a) (1), and an application for discretionary review therefore is not required.[6] Compare *Kyle v. Georgia Lottery Corp.*, 290 Ga. 87, 88-91 (1) (718 SE2d 801) (2011) (GLC entitled to sovereign

---

[6] In *Tabletop Media*, 346 Ga. App. at 498, we addressed the appeal of a superior court order reviewing a GLC decision after noting in passing that this Court had granted an application for discretionary review. However, we did not address this Court's jurisdiction, and thus "no binding precedent was established" with respect to that issue. *State v. Outen*, 289 Ga. 579, 582 (714 SE2d 581) (2011). "It is axiomatic that the decisions of this Court do not stand for points that were neither raised by the parties nor actually decided in the resulting opinion, and that questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." (Footnote and punctuation omitted.) *Palmer v. State*, 282 Ga. 466, 468 (651 SE2d 86) (2007). Additionally, the GLC relies on an unpublished dismissal order entered by this Court in a different appeal, see *Ridley v. Ga. Lottery Corp.*, No. A19A0795 (decided Dec. 11. 2018), cert. applied for No. S19C0938 (March 20, 2019), but "an unpublished dismissal order . . . serves as neither physical nor binding precedent." *Tunnelite, Inc. v. Estate of Sims*, 266 Ga. App. 476, 479 (3) (597 SE2d 555) (2004). See *Spurlock v. Dept. of Human Resources*, 286 Ga. 512, 514 (2) (690 SE2d 378) (2010).

immunity under the Georgia Tort Claims Act, given that both instrumentalities and agencies are included in the definition of "state" under the Act). Because Amusement Leasing was entitled to bring a direct appeal from the superior court's final order under OCGA § 5-6-34 (a) (1), the GLC's motion to dismiss the appeal is denied.

2. In several related enumerations of error, Amusement Leasing contends that the superior court erred in dismissing its petition for judicial review for failure to exhaust available administrative remedies. We disagree.

"Under long-standing Georgia law, the failure of plaintiffs to exhaust their available administrative remedies ordinarily precludes judicial relief." *Ga. Dept. of Behavioral Health & Developmental Disabilities v. United Cerebral Palsy of Ga.*, 298 Ga. 779, 786 (2) (a) (784 SE2d 781) (2016). The General Assembly has authorized the GLC to adopt rules and regulations "for the regulation of its affairs and the conduct of its business," OCGA § 50-27-9 (a) (3), and, more specifically, for the enforcement of the COAM laws, OCGA § 50-27-81 (b). Under the GLC Rules, after a hearing officer issues an executive order applying the COAM laws, an aggrieved party seeking relief must follow a two-step appeal procedure within the GLC that involves requesting reconsideration from the hearing officer and then moving for

8

review by the GLC's President/CEO. GLC Rule 13.2.5 (1).[7] The GLC Rules expressly state that a party must follow this appeal procedure and that the failure to follow the procedure "shall constitute a waiver of . . . appeal rights." GLC Rule 13.2.5 (3). Given these mandatory rules adopted by the GLC, if a party fails to utilize the available appeal procedures afforded by the GLC Rules before seeking review in the superior court, the party has failed to exhaust its administrative remedies, and the

[7] In the superior court, the parties and the court relied on the appeal procedures adopted by the GLC and promulgated in the "GLC Rules & Regulations Manual, GLC Rules – Coin Operated Amusement Machines, Rule 13.2 Coin Operated Amusement Machine Administration." We note that the Department of Revenue of the State of Georgia adopted a regulation addressing appeal procedures in COAM cases that went into effect in January 2011. See Ga. Comp. R. & Regs., r. 560-2-19-.05. In 2013, the General Assembly transferred the responsibility for administration and enforcement of the COAM laws from the Department of Revenue to the GLC. See Ga. L. 2013, p. 37, § 1-1. However, Ga. Comp. R. & Regs., r. 560-2-19-.05 has not been repealed, and we recently applied that regulation in a case involving the GLC. See *Ga. Lottery Corp. v. 1100 Shorter Dollar, LLC*, __ Ga. App. __ (Case No. A19A1298, decided Aug. 22, 2019). But see *Tabletop Media*, 346 Ga. App. at 500, n. 4 (citing to GLC Rule 13.2.5). We need not determine in this case whether or to what extent GLC Rule 13.2 contained in the GLC Rules Manual has superceded Ga. Comp. R. & Regs., r. 560-2-19-.05 because the time-deadline provision central to this appeal (discussed infra) is materially the same in both. Compare GLC Rule 13.2.5 (1) (b) (1) (A) (party "shall have ten (10) days" from receipt of reconsideration order to file motion for review), with Ga. Comp. R. & Regs., r. 560-2-19-.05 (1) (b) (1) (party "shall have ten (10) days" from receipt of reconsideration order to file motion for review).

superior court action should be dismissed. See *Diverse Power v. Jackson*, 285 Ga. 340, 341-342 (676 SE2d 204) (2009).

Amusement Leasing failed to exhaust its available administrative remedies under the two-step appeal procedure set out in the GLC Rules. Under that procedural framework, an aggrieved party who wishes to appeal the hearing officer's executive order first must file a request for reconsideration with the hearing officer "no later than ten (10) days" after receipt of the executive order. GLC Rule 13.2.5 (1) (a) (1). After the hearing officer grants or denies the request for reconsideration of the executive order, the party "shall have ten (10) days" from receipt of the reconsideration order to file a motion for review with the GLC's President/CEO. GLC Rule 13.2.5 (1) (b) (1) (A).

Amusement Leasing filed a timely request for reconsideration with the hearing officer. But after the hearing officer entered the Reconsideration Order and Amusement Leasing received it, Amusement Leasing did not file its Motion for Review with the GLC's CEO within the ten-day deadline. By failing to comply with the mandatory time deadline, Amusement Leasing did not exhaust its available administrative remedies before seeking review in the superior court. See *Fulton County Taxpayers Foundation v. Ga. Public Svc. Comm.*, 287 Ga. 876, 879-880 (2)

10

(700 SE2d 554) (2010) (party failed to exhaust its administrative remedies by filing an untimely application for leave to intervene and participate in Public Service Commission certification proceeding); *Diverse Power*, 285 Ga. at 341-342 (party failed to exhaust its administrative remedies by filing an untimely bid protest with the Department of Technical and Adult Education). Accordingly, we affirm the superior court's dismissal of Amusement Leasing's petition for review on the ground that it failed to exhaust its administrative remedies. See id. Accord *1100 Shorter Dollar, LLC*, __ Ga. App. at __ (holding that plaintiff could not pursue a writ of mandamus against the GLC in the superior court; plaintiff had an adequate remedy at law in the form of GLC's two-step appeal procedure for license revocation followed by appeal to the superior court of the GLC's decision, but plaintiff never pursued that remedy).

*Judgment affirmed. Mercier and Brown, JJ., concur*.

11