IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 23, 2012
JOHN LEY
CLERK

No. 11-13575
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-60265-FAM

RICHARD B. MAYER,

Plaintiff-Counter
Defendant-Appellee,

versus

WALL STREET EQUITY GROUP, INC.,
a Florida Corporation,
STEVEN S. WEST, an individual

Defendants-Counter
Claimants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

Before DUBINA, Chief Judge, HULL and BLACK, Circuit Judges.

PER CURIAM:

# I.

The Defendants-Appellants, Wall Street Equity, Inc. and Steven S. West, appeal the district court's order denying their motion for attorney's fees. After filing a complaint, the Plaintiff-Appellee, Richard B. Mayer, settled his FLSA overtime pay claim with his former employer. Mayer's attorney filed the settlement with the district court and requested attorney's fees. After the district court dismissed the case pursuant to settlement, Wall Street Equity and West filed their opposition to Mayer's fee motion and then requested their own attorneys' fees, alleging that Mayer's attorney pursued the litigation in bad faith. The district court denied Wall Street Equity and West's motion without explanation. Wall Street Equity and West then appealed that order to this court while Mayer's fee motion remained pending before the district court. Since the filing of this appeal, a magistrate judge has entered a report and recommendation that the district court grant Mayer's fee motion and deny Wall Street Equity and West's fee motion. We conclude that because the fee dispute is not yet final in the district court, we lack jurisdiction to consider this appeal.[1]

---

[1] Before we dismissed the present appeal on Feb. 23, 2012, the district court adopted the magistrate judge's recommendation, granted Mayer's fee motion, and denied Wall Street Equity and West's fee motion on Feb. 17, 2012. Our opinion does not address the substance of Wall Street Equity and West's appeal of the district court's Feb. 17, 2012 order.

**II.**

Generally, this Court has jurisdiction only of appeals from "final decisions of the district courts." 28 U.S.C. § 1291. A final decision is typically "one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." *World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009) (internal quotation marks omitted). Postjudgment decisions are likewise subject to the test of finality. *Delaney's Inc. v. Ill. Union Ins. Co.*, 894 F.2d 1300, 1304 (11th Cir. 1990). However, in postjudgment proceedings, such as attorney fee disputes, "the meaning of a 'final decision' is less clear because the proceedings necessarily follow a final judgment." *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010). Even so, "[w]e 'treat the postjudgment proceeding as a free-standing litigation, in effect treating the final judgment as the first rather than the last order in the case.'" *Id.* (quoting *Ass'n of Cmty Orgs. for Reform Now v. Ill. State Bd. of Elections*, 75 F.3d 304, 306 (7th Cir. 1996)). Thus, an order is deemed final if it disposes of all the issues raised in the motion that initially sparked the postjudgment proceedings. *See Thomas*, 594 F.3d at 829; *Solis v. Current Dev. Corp.*, 557 F.3d 772, 776 (7th Cir. 2009).

**III.**

In the instant case, Mayer's fee motion initiated the postjudgment

3

proceedings, and the district court did not resolve Mayer's fee motion when it denied Wall Street Equity and West's fee motion. Even if the motions had been filed in reverse order, this court would still lack appellate jurisdiction because the other fee motion would remain outstanding. Only if a postjudgment order is "apparently the last order to be entered in the action" is it final and appealable. *Delaney's Inc.*, 894 F.2d at 1304 (quoting 9 J. LUCAS ET AL., MOORE'S FEDERAL PRACTICE ¶ 100.14[1], at 196-97 (2d ed. 1988)). For us to hold otherwise invites litigants to appeal every attorney's fee order, even if other requests remain outstanding, resulting in a proliferation of piecemeal or repetitious appeals. *See Solis*, 557 F.3d at 776. Furthermore, our ruling is consistent with the Supreme Court's practical construction of 28 U.S.C. § 1291. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 68 S. Ct. 1221, 1225 (1949) ("The effect of [§ 1291] is to disallow appeal from any decision which is . . . incomplete," and § 1291's "purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results.").

## IV.

For the aforementioned reasons, we dismiss Wall Street Equity and West's appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

4