[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11545
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-03616-RLV

JIMMIE L. SUBER,

Plaintiff-Appellant,

versus

LOWES HOME CENTERS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 2, 2015)

Before TJOFLAT, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jimmie Lee Suber appeals *pro se* the district court's denial of his Federal

Rule of Civil Procedure 59(e) motion to reconsider its grant of summary judgment

to Lowe's Home Centers, Inc. ("Lowe's") in his employment-discrimination suit brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*  In denying Suber's Rule 59(e) motion, the district court concluded that it was "both untimely and without merit."  Lowe's thereafter moved this court to dismiss Suber's appeal for lack of jurisdiction.  To the extent that Suber was appealing the summary judgment, we granted Lowe's motion in part because Suber's untimely Rule 59(e) motion did not toll the time period for appealing the summary judgment but we allowed Suber's appeal to go forward with respect to the district court's denial of his motion for reconsideration .

Suber now raises a variety of arguments concerning the merits of the district court's grant of summary judgment.  He does not, however, offer any arguments addressing  the denial of his motion for reconsideration as untimely.

The courts of appeals have jurisdiction over appeals from all final decisions of the district courts.  28 U.S.C. § 1291.  When the United States is not a party, a notice of appeal in a civil case "must be filed with the district court clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  A post-judgment proceeding is viewed as a free-standing litigation, "in effect treating the final judgment as the first rather than the last order in the case."  *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012).  When a district court lacks jurisdiction, we have jurisdiction on appeal for the sole

2

purpose of determining whether that court erred in entertaining the suit. *Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1298 (11th Cir. 1999).

A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007). This time limit for filing a Rule 59(e) motion is a claims-processing rule, not a jurisdictional rule, because it "is not grounded in a statutory requirement." *See Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 615 F.3d 1352, 1359 n.15 (11th Cir. 2010) (explaining that Federal Rule of Civil Procedure 6(b)(2), which prohibits a district court from extending the time for filing motions under Rule 59, is a claims-processing rule rather than a jurisdictional one because "it is not grounded in a statutory requirement"). A party can forfeit an objection to a court's failure to apply a claims-processing rule against its adversary. *Id.* In *Advanced Bodycare Solutions, LLC*, even though the district court improperly granted an extension to file a Rule 59(e) motion, it still "had the authority to entertain" the untimely motion because the other party had failed to object to the time extension, thereby forfeiting any objection. *Id.*

The district court did not abuse its discretion in denying Suber's motion for reconsideration because the motion was untimely. Specifically, the district court

3

entered judgment for Lowe's on December 20, 2013, but Suber did not file his Rule 59(e) motion until 32 days later, on January 17, 2014.  This exceeded the 28-day deadline for filing a Rule 59(e) motion.

AFFIRMED.