[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10564
Non-Argument Calendar

_____

D.C. Docket No. 3:10-cv-00423-MMH-PDB

ALONZO BEEPOT,
JOANNE BEEPOT,

Plaintiffs-Appellants,

versus

JP MORGAN CHASE NATIONAL
CORPORATE SERVICES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 6, 2015)

Before WILLIAM PRYOR, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

This is the second of two appeals taken by Alonzo and Joanne Beepot, proceeding *pro se*, from the same district court proceedings on their complaint against JPMorgan Chase National Corporate Services, Inc. ("JPMorgan"), arising out of the foreclosure of the Beepots' home.  In their federal complaint, the Beepots alleged that JPMorgan failed to comply with certain provisions of the Truth in Lending Act, 15 U.S.C. § 1601, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, and they also alleged several other state-law causes of action.  The district court held that their claims were barred by *res judicata*.

After the dismissal of their complaint, the Beepots filed a motion to alter or amend under Rule 59(e), Fed. R. Civ. P., arguing that Florida Statute § 702.01 was an intervening change in the controlling law and that it precluded application of *res judicata*.  The district court denied the motion, concluding that § 702.01 was not an intervening change in the law and that the Florida Supreme Court had determined in *Haven Federal Savings & Loan Ass'n v. Kirian*, 579 So. 2d 730, 732-33 (Fla. 1991) ("*Haven*"), that the portion of § 702.01 upon which the Beepots relied violated the Florida Constitution.  The Beepots then filed a second motion to alter or amend, arguing in relevant part that § 702.01 was not unconstitutional as applied to their case.  The district court denied this motion without explanation.

The Beepots filed two notices of appeal, which were docketed separately with this Court as Nos. 15-10082 and 15-10564.  In No. 15-10082, the Beepots

2

challenged the denial of their motion for default judgment, the dismissal of their complaint, and the denial of their first motion to alter or amend the judgment under Rule 59(e). *See Beepot v. JPMorgan Chase Nat'l Corp. Servs., Inc.*, No. 15-10082, manuscript op. at 2 (11th Cir. Sept. 16, 2015). Recently, a panel of this Court affirmed. We held that the district court did not abuse its discretion by refusing to enter a default judgment against JPMorgan because the record revealed that JPMorgan never defaulted. *Id.* at 4. We found no merit to the Beepots' argument that the dismissal on *res judicata* grounds was erroneous because the Beepots waived the argument and, in any case, their claim was "flatly refuted by the record." *Id.* at 5-6. And we rejected the Beepots' contention that the court erred in denying their first motion to alter or amend on the basis of § 702.01, Fla. Stat., stating that the court correctly determined that § 702.01 was not an intervening change in controlling law and that *Haven* did not alter that conclusion. *Id.* at 6-7. Finally, with respect to each of these determinations, we found that the district court was not required to comply with Rule 52(a)(1), Fed. R. Civ. P., as the Beepots contended, because the action was not "tried on the facts." *See* Fed. R. Civ. P. 52(a)(1) (requiring findings of fact and conclusions of law in only actions "tried on the facts").

In this second appeal (No. 15-10564), the Beepots primarily challenge the denial of their second Rule 59(e) motion, which was filed in response to the denial

of their first such motion. They assert that the district court erred in dismissing their complaint on the basis of *res judicata*, that the court erroneously interpreted § 702.01, Fla. Stat., to deny their motion to alter or amend, and that the court failed to comply with Rule 52(a)(1). In other words, their initial appellate brief in this appeal raises the same arguments, in nearly identical fashion, as their first appeal.[1]

Before we proceed any further, we emphasize the limited scope of our review in this appeal. Neither the dismissal of the complaint nor the denial of the Beepots' first Rule 59(e) motion is at issue. Both were addressed in Appeal No. 15-10082 and decided against the Beepots. Therefore, to the extent that the Beepots again attempt to challenge either of these earlier rulings, their claims are barred by the law-of-the-case doctrine. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005) (stating that the law-of-the-case doctrine "operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal"); *cf. United States v. Fiallo-Jacome*, 874 F.2d 1479, 1482 (11th Cir. 1989) (noting the general prohibition against allowing "two bites at the appellate apple"). Therefore, the only issue for our

---

[1] The one difference is that, in this appeal, the Beepots do not challenge the denial of their motion for default judgment.

review is whether the district court properly denied the Beepots' second Rule 59(e) motion.[2]

Because we already have concluded in Appeal No. 15-10082, in response to nearly identical arguments as raised in the Beepots' initial brief in this appeal, that the district court did not err in denying the Beepots' first Rule 59(e) motion, we likewise conclude in this appeal, for the same reasons, that the court did not err in denying the Beepots' second Rule 59(e) motion. *See Beepot*, No. 15-10082, manuscript op. at 5-7. To the extent that the Beepots raise additional challenges to the denial of their second Rule 59(e) motion in their reply brief, these arguments

---

[2] JPMorgan presents two jurisdictional challenges to this appeal. First, they contend that the order denying the Beepots' second Rule 59(e) motion is not independently appealable. Second, they assert that, even if we have jurisdiction, we must vacate the district court's order because the court was divested of jurisdiction to rule on the motion by operation of the Beepots' first notice of appeal. We disagree with both contentions.

First, while we agree that the second Rule 59(e) motion did not suspend the finality of the underlying judgment under Rule 4(a)(4), Fed. R. App. P., because it raised substantially the same issues as the first such motion, *see Wright v. Preferred Research, Inc.*, 891 F.2d 886, 889-90 (11th Cir. 1990), we disagree that this renders the court's order denying the motion unappealable. The order fully resolved the Beepots' motion and no further proceedings were contemplated by the court. Therefore, the order is appealable. *See Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) ("[A]n order is deemed final if it disposes of all the issues raised in the motion that initially sparked the postjudgment proceedings."); *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 615 F.3d 1352, 1359-60 n.15 (11th Cir. 2010) (finding jurisdiction to review untimely, standalone motions under Rules 50(b) and 59(e)); *cf. Glass v. Seaboard Coast Line R.R. Co.*, 714 F.2d 1107, 1109 (11th Cir. 1983) (denial of Rule 60(b) motion is appealable). The timeliness of the second Rule 59(e) motion, or its effect on the appeal period, is not at issue because the court did not enter a separate judgment along with its dismissal order as prescribed by Rule 58, Fed. R. Civ. P. *See* Fed. R. App. P. 4(a)(7). Second, the district court retained jurisdiction to deny the Beepots' second Rule 59(e) motion notwithstanding the filing of the first notice of appeal. *See, e.g.*, *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003) (district courts retain jurisdiction after the filing of a notice of appeal to entertain and deny a Rule 60(b) motion).

are not properly before the Court.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e do not address arguments raised for the first time in a *pro se* litigant's reply brief.").  Consequently, the district court's denial of the Beepots' second Rule 59(e) motion is **AFFIRMED**.