[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16929
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-01724-VMC-TBM


RACHEL PINKSTON,

                                                        Plaintiff - Appellant,

versus

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,
RANDY LARSEN,
DAVID MERKLER,
MATTHEW BATTISTINI,

                                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 18, 2017)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

On May 16, 2016, Rachel Pinkston ("Plaintiff"), proceeding *pro se*, was ordered to pay attorneys' fees to the University of South Florida Board of Trustees and individual professors and employees of the university ("Defendants") as sanctions for repeated failure to comply with the district court's discovery orders. On June 9, the district court dismissed all but one of Plaintiff's claims against Defendants. On July 18, Plaintiff moved to voluntarily dismiss that remaining claim, and the district court granted the dismissal the next day. Plaintiff then filed a notice of appeal on July 20, which we later dismissed for lack of jurisdiction.

While that appeal was still pending, on July 22, Defendants, as the prevailing party, filed a motion to tax costs and, on August 12, filed a motion for an order to show cause why Plaintiff should not be held in contempt based on failure to pay attorneys' fees and costs as directed by the May sanctions order. The district judge referred the motions to the magistrate judge, and the magistrate judge held a hearing on September 27 to address both. Despite being notified of the hearing, Plaintiff did not attend. On October 5, the magistrate judge entered an order taxing costs, denying the motion for a show cause order, and reducing the previous sanctions award to judgment. Plaintiff never filed any opposition to

2

Defendants' motions or any objections to or appeal of the magistrate judge's order to the district judge. Instead, Plaintiff appealed to this Court on a variety of grounds challenging the district court's jurisdiction to enter the October order, the proceedings leading up to the order, and the order's substance. After review, we **AFFIRM**.

## DISCUSSION

We have jurisdiction over Plaintiff's present appeal because it arises from final postjudgment proceedings. Postjudgment proceedings are treated as "free-standing litigation," so "an order is deemed final if it disposes of all the issues raised in the motion that initially sparked the postjudgment proceedings." *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) (citations omitted). The magistrate judge's October 5th order and the subsequent entry of judgment resolved all the issues raised in Defendants' postjudgment motions, so the judgment is final and appealable under 28 U.S.C. § 1291. *See, e.g.*, *Delaney's Inc. v. Ill. Union Ins. Co.*, 894 F.2d 1300, 1305 (11th Cir. 1990) (holding that the Court had jurisdiction over a postjudgment Rule 60(b) motion that "finally settle[d] the matter in litigation"). This includes the attorneys' fees sanctions levied in May that Plaintiff objected to in her initial appeal. *See Barfield v. Barton*, 883 F.2d 923,

3

930–31 (11th Cir. 1989) ("[T]he appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment.").

But because Plaintiff never presented the objections to the district court that she now raises on appeal, she waived them.[1]  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (quotation marks and citations omitted).

Even if Plaintiff's arguments were not waived, none are meritorious.  We review the district court's jurisdiction *de novo*, *United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016), the award of costs for abuse of discretion, *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007), and the imposition of sanctions for abuse of discretion as well, *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1146–47 (11th Cir. 2006).

The district court had jurisdiction after Plaintiff filed her notice of appeal to this Court to hear Defendants' motions, reduce the sanctions to judgment, and award costs.  Although a notice of appeal typically deprives the district court of jurisdiction over a case, "a premature notice of appeal does not."  *United States v.*

---

[1] There are exceptions to this doctrine, *see Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004), but none applies here.

*Kapelushnik*, 306 F.3d 1090, 1094 (11th Cir. 2002) (citing *United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir. 1979) (en banc)), *abrogated on other grounds by United States v. Muzio*, 757 F.3d 1243 (11th Cir. 2014).  Plaintiff's first appeal was premature, as our first ruling recognized, *see Pinkston v. Univ. of S. Fla. Bd. of Trustees*, No. 16-15065 (11th Cir. Jan. 1, 2017), so the district court retained its jurisdiction.  Even if the notice of appeal had been effective, Defendants' motions for an order to show cause and for costs were about "collateral matters not affecting the questions presented on appeal."  *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999); *see also Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1168 n.10 (11th Cir. 2012) ("[I]f a judgment is entered by the district court, it will retain jurisdiction to resolve any attorneys' fees and costs disputes.").

The district court, via the magistrate judge to whom the district judge referred the motions, followed proper procedures in disposing of Defendants' postjudgment motions.  Title 28 U.S.C. § 636 and Middle District of Florida Local Rule 6.01 empowered the magistrate judge to consider and issue orders on Defendants' motions after they were referred to him by the district court judge.  Plaintiff received sufficient notice when she was sent an electronic notification fifteen days in advance of the September 27 hearing alerting her to a status

5

conference about "post-judgment matters and pending appeal." *See Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1159–61 (11th Cir. 1993) (describing the "narrowly defined" due process protections that apply to sanctions); Fed. R. Civ. P. 14(d)(1).  The only postjudgment matters were Defendants' motions for an order to show cause and tax costs.  Nothing was disguised or hidden from Plaintiff.

At that hearing, Defendants' attorney F. Damon Kitchen was appropriately allowed to participate because the court's entry of his withdrawal from the case had been made in error.  And the hearing was not conducted *ex parte*.  Plaintiff simply failed to participate and let anyone know that she would not attend.  It also was not an improper show cause hearing.  The hearing was on a motion for a show cause order.  That motion was denied, so there never was a postjudgment show cause hearing.

The magistrate judge's order itself was also procedurally correct.  The Federal Rules of Civil Procedure do not require a court to state findings of fact or conclusions of law when ruling on a motion unless the Rules state otherwise.  Fed. R. Civ. P. 52(a)(3).  Rule 52(a)(1) does not apply to the magistrate judge's order, and neither Rule 54 nor any other rule requires findings of fact or conclusions of law to be included in an order taxing costs, denying an order to show cause, and reducing an earlier sanctions award to judgment.

Finally, taxing costs and awarding attorneys' fees as sanctions was appropriate.  There is a "strong presumption" under Rule 54(d)(1) that the prevailing party will be awarded costs.  *Mathews*, 480 F.3d at 1276.  By obtaining a favorable judgment on all of Plaintiff's claims except one—which Plaintiff then voluntarily dismissed—Defendants were the prevailing parties and could be awarded the costs authorized in 28 U.S.C. § 1290.  *See id.*; *Head v. Medford*, 62 F.3d 351, 354–55 (11th Cir. 1995).  The magistrate judge did just that, and his careful parsing of Defendants' costs reduced them from the $4,823.85 requested to $1,378.65.

The district court also had authority to award attorneys' fees as a sanction for Plaintiff's repeated failure to comply with discovery, unwillingness to follow the court's rules, deadlines, and orders, and her incivility towards Defendants' counsel.  Fed. R. Civ. P. 37(b)(2)(C).  Plaintiff was given multiple opportunities to comply with the court's orders, was warned that failure to do so would result in sanctions, and yet still failed to comply.  Hence, we affirm.

**AFFIRMED**.