[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12144
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-00116-WTM-GRS

LAKESHA SMITH,

Plaintiff – Appellant,

versus

ST. JOSEPH'S/CANDLER HEALTH SYSTEM, INC.,

Defendant – Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 7, 2019)

Before MARCUS, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Lakesha Smith, who is proceeding pro se, appeals the district court's grant of summary judgment to her former employer on her claim alleging she was terminated in violation of the Family and Medical Leave Act ("FMLA"). After careful review, we affirm.

**I.**

Lakesha Smith slipped and fell on March 20, 2014 while at work at St. Joseph's/Candler hospital ("St. Joseph's"). About a week later, she began treatment with a doctor, who deemed her temporarily unfit for duty. Smith notified St. Joseph's that she needed to take a leave of absence because of a work-related injury. St. Joseph's gave her leave beginning March 28, 2014.

After visiting a physical therapist for a couple of weeks, Smith attempted to return to work on April 14, 2014. But lingering injuries prevented her from performing her work effectively. She notified her employer that she needed to take another leave of absence for a work-related injury, and she submitted a leave of absence request form. In the following days, she visited a nurse practitioner, the original treating physician, an emergency room physician, and an orthopedic physician, informing each of numbness and pain in her right leg and back.

At the end of April 2014, a doctor released Smith back to work, where she was expected to resume her full duties. But, shortly thereafter, Smith notified St. Joseph's that she wanted to continue to take leave because she did not feel able to

2

return to work.  On May 2, 2014, she submitted a leave of absence request form indicating that illness or injury prevented her from performing her normal duties. Written on that leave form was a message from someone in the hospital's human resources department indicating Smith had 240 hours of FMLA leave remaining. Because Smith worked 30 hours per week, these 240 hours of FMLA leave equaled eight work-weeks.  Smith's manager, Leigh Craft, approved and signed the leave form.

During her third leave of absence, Smith visited a neurologist who wrote in a letter dated June 27, 2014—eight weeks after Smith started her leave of absence— that she had been evaluated, she was prescribed physical therapy, and she would need to be out of work until July 25, 2014 when she was scheduled to be re-evaluated.  On July 3, 2014, Craft notified Smith that she was terminated effective immediately.  According to Smith, Craft first asked about the status of her injuries and the next steps her doctor planned to take to treat her.  When she was unable to thoroughly answer these questions, Craft informed her of her termination.  Smith later received a letter confirming her termination.

On June 30, 2017, Smith filed pro se a lawsuit against St. Joseph's alleging she had been improperly denied health benefits and wrongfully terminated in violation of the Family and Medical Leave Act.  Smith requested permission to bring suit in forma pauperis—that is, without paying filing fees.

3

In an order addressing Smith's request, a magistrate judge indicated that Smith's complaint was deficient. One deficiency was that the complaint—which was filed almost three years after Smith was terminated—did not establish whether she brought her action within the applicable statute of limitations. The magistrate judge explained that FMLA actions generally have a two-year statute of limitations, and under that timeline, Smith's complaint was plainly time-barred. However, when a plaintiff establishes that an employer willfully violated her FMLA rights, she has three years to bring her action. The magistrate judge instructed Smith to amend her complaint to show whether the three-year statute of limitations applied.

In response, Smith amended her complaint, fleshing out the factual allegations against her former employer. Thereafter, in October 2017, St. Joseph's filed a Motion to Dismiss or, Alternatively, for Summary Judgment. St. Joseph's motion sought dismissal on the grounds that (1) the complaint was not filed within the FMLA's two-year statute of limitations, and Smith had not pleaded facts that might entitle her to the extended three-year statute of limitations; and (2) Smith received the full amount of leave she was entitled to under the FMLA. The motion sought summary judgment on the ground that declarations and exhibits proved Ms. Smith's employment was terminated after she exhausted her FMLA leave.

4

After discovery closed,[1] the magistrate judge issued a report and recommendation advising the district court to grant St. Joseph's motion for summary judgment and deny as moot its motion to stay discovery.  First, the magistrate judge found that Smith's complaint adequately alleged that St. Joseph's FMLA violations were willful.  For that reason, the magistrate judge recommended denying St. Joseph's motion to dismiss.  Then, the magistrate judge explained that, even though Smith adequately pled her claim, she had not supported her allegation of willfulness.  He concluded St. Joseph's was entitled to summary judgment on that basis.  In particular, in the magistrate judge's view, "Smith ha[d] not presented sufficient evidence to support a dispute of material fact that her termination constituted a willful violation of the FMLA."

The magistrate judge recognized that St. Joseph's had not raised the statute of limitations as a basis for granting summary judgment.  But because the timeliness issue was raised in the context of St. Joseph's motion to dismiss, he found Smith had sufficient notice to justify the Court's consideration of the issue.  The magistrate judge advised Smith to submit any additional evidence showing St.

---

[1] The record indicates that the parties may not have completed discovery by the official deadline.  In January 2018, the parties filed a joint status report noting they had not yet completed discovery.  In that report, St. Joseph's stated it was waiting to see how the district court resolved its outstanding motions before scheduling depositions.  Because the record reveals no request to extend discovery and because Smith has never complained on record about any inability to access relevant discovery, we presume the parties honored the court-ordered deadline.

Joseph's violations were willful along with her objections to the report and recommendation.

Smith timely objected to the magistrate judge's report and recommendation. She outlined six points she said proved that St. Joseph's violations were willful. Along with her filing, she submitted several attachments, including St. Joseph's patient care policy, her leave of absence request forms, her worker's compensation records, and documents she believed showed the hospital had miscalculated her available FMLA leave.

After reviewing the entire record, the district court adopted the magistrate judge's report and recommendation.  The district court explained that, although Smith had objected to the report and recommendation, she still had not provided evidence that revealed a genuine dispute about whether St. Joseph's willfully violated the FMLA.  Among other things, the district court noted that Smith's unsupported allegation St. Joseph's miscalculated her FMLA leave did not show that the hospital willfully violated her rights.  Because Smith could not show any genuine issue of fact remained on the question of willfulness, the district court found the two-year statute of limitations applied.  It granted summary judgment for St. Joseph's because Smith's complaint was untimely filed.  Smith sought reconsideration, but the district court denied her request.  This is her appeal.

## II.

This Court reviews <u>de novo</u> a district court's grant of summary judgment. <u>Wilson v. B/E Aerospace, Inc.</u>, 376 F.3d 1079, 1085 (11th Cir. 2004). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In making this assessment, [we] must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." <u>Rioux v. City of Atlanta</u>, 520 F.3d 1269, 1274 (11th Cir. 2008) (quotation marks omitted). "Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment." <u>Bald Mountain Park, Ltd. v. Oliver</u>, 863 F.2d 1560, 1563 (11th Cir. 1989). Also, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." <u>Walker v. Darby</u>, 911 F.2d 1573, 1577 (11th Cir. 1990) (quoting <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986)).

In conducting our review, we liberally construe pleadings and briefs submitted by non-lawyers. <u>See</u> <u>Timson v. Sampson</u>, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). However, we still require <u>pro se</u> litigants to conform to our Court's procedural rules. <u>Albra v. Advan, Inc.</u>, 490 F.3d 826, 829 (11th Cir. 2007)

(per curiam).  Thus, "issues not briefed on appeal by a pro se litigant are deemed abandoned."  Timson, 518 F.3d at 874.

## III.

Smith argues that the district court erred in granting summary judgment on the ground that her suit was time barred.  She says she presented evidence showing her former employer willfully violated the FMLA.  In particular, Smith argues she showed willfulness with evidence that St. Joseph's miscalculated her available FMLA leave.  She also appears to argue that the hospital's human resources department willfully delayed responding to her requests for assistance in accessing her health benefits and did so to retaliate against her for taking medical leave.[2]

The FMLA does not define "willful," and neither the Supreme Court nor this Court has expressly defined that term in the context of the FMLA.  But in McLaughlin v. Richland Shoe Co., 486 U.S. 128, 108 S. Ct. 1677 (1988), the Supreme Court defined "willful" in the context of the Fair Labor Standards Act ("FLSA").  See id. at 133, 108 S. Ct. at 1681.  There, the Supreme Court explained that "[i]n common usage the word 'willful' is considered synonymous with such words as 'voluntary,' 'deliberate,' and 'intentional.'"  Id.  The word "is generally

---

[2]  In her notice of appeal, Smith also asked this Court to review the district court's award of court costs to St. Joseph's.  However, both parties have since submitted supplemental briefing indicating the order addressing costs was not final at the time Smith filed her notice of appeal.  We agree and therefore dismiss this part of Smith's appeal for lack of jurisdiction.  See Mayer v. Wall Street Equity Grp, Inc., 672 F.3d 1222, 1224 (11th Cir. 2012) (per curiam) (explaining that this Court does not have jurisdiction over outstanding fee motions).

8

understood to refer to conduct that is not merely negligent." Id. To show a willful violation of FLSA, an employee must demonstrate "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Id.

Other courts of appeal have applied the standard set out in McLaughlin to purportedly willful violations of the FMLA. See, e.g., Bass v. Potter, 522 F.3d 1098, 1103–04 (10th Cir. 2008) (holding McLaughlin's willfulness standard applies to the FMLA); Hoffman v. Prof'l Med Team, 394 F.3d 414, 417–18 (6th Cir. 2005) (same); Porter v. New York Univ. Sch. of Law, 392 F.3d 530, 531–32 (2d Cir. 2004) (per curiam) (same); Hanger v. Lake County, 390 F.3d 579, 583–84 (8th Cir. 2004) (same); Hillstrom v. Best Western TLC Hotel, 354 F.3d 27, 33–34 (1st Cir. 2003) (same). Our Circuit has not previously addressed this issue. But because Smith has not raised any argument about the proper standard for willfulness, we decline to resolve that matter of first impression here. Cf. Wilkes v. United States, 289 F.3d 684, 686 n.6 (11th Cir. 2002) (per curiam) ("declin[ing] to resolve [a] legal issue and make binding precedent" where the appellant had abandoned any argument about the issue and the parties did not adequately brief the question). Instead, we assume—as did the magistrate judge, the district court, and apparently both parties—that McLaughlin provides the right standard for assessing Smith's FMLA claim.

9

Applying that standard, Smith has not identified evidence raising a genuine issue of material fact about whether St. Joseph's conduct was willful. Smith relies primarily on unsupported allegations that the hospital intentionally miscalculated or misled her about her available FMLA hours and intentionally disrupted her access to health benefits. But she offers no evidence supporting her claims. Unsupported allegations are not enough to establish a genuine issue of material fact to survive summary judgment. See Bald Mountain Park, Ltd, 863 F.2d at 1563. Even construing the facts in Smith's favor, as we must, we do not see record evidence showing that St. Joseph's knew or showed reckless disregard as to whether its conduct violated the FMLA.[3] The two-year statute of limitations therefore applies to Smith's claims.

Because there is no dispute that Smith brought her suit more than two years after her former employer's last alleged wrongful act, her FMLA claims are time-barred. We therefore **AFFIRM** the dismissal of her claims.

---

[3] Smith has not raised any argument that she received insufficient notice when the magistrate judge proposed granting summary judgment on a ground not raised by the parties. She has therefore abandoned this argument. In any event, it appears Smith received sufficient notice. The magistrate judge advised Smith to marshal any evidence supporting her claim of willfulness in her objections to his report and recommendation. And Smith did in fact present new evidence of willfulness before the district court determined, on its own independent review of the record, that summary judgment was warranted. Cf., e.g., Artistic Entm't, Inc. v. City of Warner Robins, 331 F.3d 1196, 1201–02 (11th Cir. 2003) (per curiam) (affirming a district court's sua sponte grant of summary judgment where the court requested and the parties supplied briefing fully addressing the merits of the issue the court later decided sua sponte).