[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11331

Non-Argument Calendar

_____

ANGELA DENISE NAILS,

Plaintiff-Appellant,

*versus*

STATE OF ALABAMA,
STATE EMPLOYEES INSURANCE CARRIER,
ANDREW HAMLIN,
CHRIS MCCOOL,
DAVID PATE,

Defendants-Appellees.

2                         Opinion of the Court                         24-11331

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:22-cv-00396-ACA

_____

Before ROSENBAUM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Angela Nails, a *pro se* litigant, appeals the denial of her post-judgment request for a hearing regarding her complaint alleging violations of her constitutional rights by the State of Alabama, the State Employees' Insurance Carrier, Andrew Hamlin, Chris McCool, and David Pate. She previously appealed the dismissal of her complaint and the denial of her motion for reconsideration. Nails argues on appeal that the court's dismissal of her complaint and subsequent failure to reopen her case on statute of limitations grounds was erroneous.

We review "the denial of post-judgment motions under an abuse of discretion standard." *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002)

The dismissal of an action—even a dismissal without prejudice—is a final order. *Samco Glob. Arms, Inc. v. Arita*, 395 F.3d 1212, 1213 n.2 (11th Cir. 2005). A final order "ends the litigation . . . and leaves nothing for the [district] court to do." *World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009) (quotation marks omitted).

A timely and properly filed notice of appeal is a mandatory prerequisite to appellate jurisdiction. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 844 (11th Cir. 2006). A notice of appeal in a civil case must be filed within 30 days after the judgment or order appealed from is entered when the United States is not a party to the action. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). A party "must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981). In other words, an appellant "is not entitled to two appeals" from the same order or judgment. *United States v. Arlt*, 567 F.2d 1295, 1297 (5th Cir. 1978). A post-judgment proceeding is viewed as a free-standing litigation, "in effect treating the final judgment as the first rather than the last order in the case." *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012); *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010).

*Pro se* pleadings are held to a less stringent standard than pleadings drafted by lawyers and will be liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). However, the leniency afforded *pro se* litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (quotation marks omitted). An appellant abandons a claim when: (a) she makes only passing references to it, (b) she raises it in a perfunctory manner without supporting arguments and authority, (c) she refers to it only in the "statement of the case" or "summary of the argument," (d) the references to the issue are mere

4                    Opinion of the Court                    24-11331

background to the appellant's main arguments or are buried within those arguments, or (e) she raises it for the first time in her reply brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–83 (11th Cir. 2014).

Here, Nails's challenges to the dismissal of her complaint and the denial of her motion to reconsider are not properly before us because she previously appealed from those orders. To the extent she challenges the denial of her motion to reopen, Nails's appeal is untimely as to that order, because she filed her notice of appeal on April 30, 2024, after the district court's January 12, 2024, Order. Nails's appeal is timely only as to the denial of her post-judgment motion for a hearing. As to that, her brief fails to raise any argument as to that issue; she has thus abandoned any such claim. In any event, the district court did not err in denying Nails's request for a hearing because the dismissal of her complaint closed the case.

**DISMISSED in part and AFFIRMED in part.**