In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10866

_____

KENNETH CAREY,
STEVE ANYADIKE,

Plaintiffs-Counter Defendants-Appellants,

*versus*

JONATHAN KIRK,
Individually, a.k.a. DaBaby,

Defendant-Counter Claimant-Appellee,


KHALIK CALDWELL,
a.k.a. Stunna 4 Vegas, et al.,

Defendants,

2                        Order of the Court                        25-10866

UNIVERSAL MUSIC GROUP, INC.,
a Colorado Corporation,
INTERSCOPE RECORDS,
a Colorado Corporation,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-20408-JEM

_____

Before JORDAN, ROSENBAUM, and ABUDU, Circuit Judges.

BY THE COURT:

This appeal is DISMISSED in part, *sua sponte*, for lack of jurisdiction. Plaintiffs-Appellants Kenneth Carey and Steve Anyadike (collectively, "Plaintiffs") appeal two of the district court's postjudgment orders in this case. First, Plaintiffs challenge the district court's February 13, 2025 order granting in part the defendants' motions for sanctions and directing defendants' counsel to file documentation of attorneys' fees to be awarded as sanctions. Second, Plaintiffs challenge the district court's March 7, 2025 order denying their motion for recusal. We have jurisdiction to consider only the latter.

The February 13 sanctions order is not appealable because the district court did not determine the amount of sanctions. *See* 28 U.S.C. § 1291; *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) (holding that, in postjudgment proceedings, "an order is deemed final if it disposes of all the issues raised in the motion that initially sparked the postjudgment proceedings"); *Freyre v. Chronister*, 910 F.3d 1371, 1377 (11th Cir. 2018) (holding that a district court order that "contemplates further substantive proceedings in a case is not final and appealable"); *PlayNation Play Sys., Inc. v. Velex Corp.*, 939 F.3d 1205, 1212 (11th Cir. 2019) (holding that a contempt or sanctions order that includes attorney's fees and does not determine the amount of those fees is not final). Notably, after Plaintiffs appealed, the district court ordered defendants' counsel to file additional documentation of fees. "Because the [court] has not yet reduced the sanctions order to a specific sum, the order is not final . . . ." *See Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 n.1 (11th Cir. 2000).

Moreover, the sanctions order is not appealable under the collateral order doctrine because it can be effectively reviewed in an appeal from a final decision determining the amount of sanctions. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment").

4                              Order of the Court                    25-10866

Because we lack jurisdiction to review the February 13 sanctions order, this appeal shall proceed as to only the March 7 order denying Plaintiffs' postjudgment motion for recusal.

No motion for reconsideration may be filed unless it complies with the timing and other requirements of 11th Cir. R. 27-2 and all other applicable rules.