[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10136

Non-Argument Calendar

_____

ALI CEM ERENLER,

                                                          Plaintiff-Appellant,

*versus*

TJM COLUMBUS, LLC,

TJM SYRACUSE, LLC,

TJM TREVOSE, LLC,

TJM PROPERTIES, INC.,

TERENCE J. MCCARTHY,

Trustee on behalf of the Terence J. McCarthy Family Trust,

TERENCE J. MCCARTHY,

                                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-00671-SDM-SPF

_____

Before BRANCH, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Ali Erenler appeals from the district court's December 16, 2024, order granting in part the defendants' motion for attorneys' fees and costs. In that order, the court ruled that the defendants were entitled to approximately $6,000 in costs as well as attorneys' fees, but it did not determine the specific amount of attorneys' fees to be awarded.

A jurisdictional question asked the parties to address whether this appeal is taken from a final, appealable order given that the December 16 order did not determine the amount of attorneys' fees to be awarded to the defendants. The defendants argue that we lack jurisdiction to review the attorney's fees ruling but have jurisdiction to review the costs ruling. Erenler argues that we have jurisdiction to review the entirety of the December 16 order.

We lack jurisdiction over this appeal because it is not taken from a final, appealable order. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) ("A final decision is typically one that ends the litigation on the merits and leaves

nothing for the court to do but execute its judgment."). The December 16 post-judgment order is not final because it did not fully dispose of the motion that initially sparked the post-judgment proceedings, *i.e.*, the defendants' single motion for both attorneys' fees and costs. *See Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012). Specifically, the order did not determine the amount of attorney's fees. *See Sabal Trail Transmission, LLC v. 3.291 Acres of Land in Lake Cnty. Fla.*, 947 F.3d 1362, 1370 (11th Cir. 2020) ("[W]hen a district court has entered an order determining that a party is liable for attorney's fees and costs but has not set the amount of the award, there is no final order on fees and costs.").

Accordingly, we DISMISS this appeal for lack of jurisdiction.