[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-10614

Non-Argument Calendar

_____

HARRIET TUBMAN FREEDOM FIGHTERS CORP,
PARALYZED VETERANS OF AMERICA FLORIDA CHAPTER,
PARALYZED VETERANS OF AMERICA CENTRAL,
FLORIDA CHAPTER,
STEPHEN KIRK,

Plaintiffs-Appellees,

HEAD COUNT INC,
a.k.a. HEADCOUNT, et al.,

Plaintiffs,

*versus*

FLORIDA SECRETARY OF STATE,

Defendant-Appellant,


FLORIDA ATTORNEY GENERAL, et al.,


Defendant.


_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cv-00242-MW-MAF

_____

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

The Florida Secretary of State filed this appeal seeking review of the district court's February 5, 2025, order and judgment awarding plaintiff Harriet Tubman Freedom Fighters Corp. ("HTFF") attorneys' fees. At the time that the instant notice of appeal was filed, HTFF's bill of costs was still pending before the district court. A jurisdictional question asked the parties to address whether the district court's February 5, 2025, order and judgment was final and appealable, given that the court had not yet resolved HTFF's bill of costs. Upon review of the parties' responses and the record, we conclude that we lack jurisdiction over this appeal.

25-10614                Opinion of the Court                3

The district court's February 5, 2025, order was not final or immediately appealable because, although the court found that HTFF was entitled to attorneys' fees and determined the amount of fees to be awarded, the court did not determine the amount of taxable costs. *See* 28 U.S.C. § 1291 (providing that appellate jurisdiction is generally limited to final decisions of the district courts); *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) (explaining that a postjudgment order is subject to the same test of finality under § 1291 and is deemed final if it "disposes of all the issues raised in the motion that initially sparked the postjudgment proceedings"); *Sabal Trail Transmission, LLC v. 3.921 Acres of Land*, 947 F.3d 1362, 1370 (11th Cir. 2020) (explaining that when a district court enters an order determining that a party is entitled to attorneys' fees, but does not set the amount of the award, there is no final order on attorneys' fees); *Davis v. Legal Servs. Ala., Inc.*, 19 F.4th 1261, 1270-71 (11th Cir. 2021) (dismissing a cross-appeal relating to costs because the district court had not yet acted on the filed bill of costs). Thus, the February 5, 2025, order was not "apparently the last order to be entered in the action" because the court had not resolved HTFF's request for attorney's fees and taxable costs, which sparked the instant postjudgment proceedings. *See Mayer*, 672 F.3d at 1224.

Accordingly, this appeal is DISMISSED for lack of jurisdiction. All pending motions are DENIED as moot. This dismissal does not affect the Florida Secretary of State's notice of appeal filed on April 8, 2025, which is pending in appeal number 25-11163.