**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11323

Non-Argument Calendar

_____

JUSTIN SAVAGE,

*Plaintiff-Appellant,*

*versus*

HENRY COUNTY SCHOOL DISTRICT,

*Defendant-Appellee,*

ASHLEY SELLERS,

*Defendant.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00175-JPB-LTW

_____

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Justin Savage, proceeding pro se, appeals from the magistrate judge's denial of his Federal Rule of Civil Procedure 59(e) motions to alter or amend the amended attorney fee judgment and for reconsideration, stemming from a complaint he filed against Henry County School District ("HCSD"). After careful review, we dismiss the appeal for lack of appellate jurisdiction.

We, as a court of appeals, have an obligation to review sua sponte whether we have jurisdiction at any point in the appellate process. *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 814, 818 (11th Cir. 2010). We are bound to adhere to our prior panel precedent unless that precedent has been overruled by this Court sitting en banc or by the Supreme Court in a decision that is clearly on point. *Randall v. Scott*, 610 F.3d 701, 707 (11th Cir. 2010).

The courts of appeals have jurisdiction over "appeals from all final decisions of the district courts." 28 U.S.C. § 1291. In civil cases, we treat post-judgment proceedings as "free-standing litigation, in effect treating the final judgment as the first rather than the last order in the case," and thus, deem an order final "if it disposes of all the issues raised in the motion that initially sparked the . . . proceedings." *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) (citation modified). Post-judgment decisions are "subject to the test of finality." *Id.*

Upon the consent of all parties, a magistrate judge may conduct their entire proceedings and order the entry of judgment in the case. 28 U.S.C. § 636(c)(1). The parties can then appeal the magistrate judge's rulings directly to this Court. *Id.* § 636(c)(3); *see*

*Rembert v. Apfel*, 213 F.3d 1331, 1334 (11th Cir. 2000), *abrogated on other grounds as recognized in*, *Chambless v. Louisiana-Pacific Corp.*, 481 F.3d 1345, 1350 (11th Cir. 2007). Absent consent, a magistrate judge may address a dispositive pretrial matter upon the district court's referral by issuing a report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *see also United States v. Raddatz*, 447 U.S. 667, 673, 681 (1980) (holding that a district court may refer dispositive motions to a magistrate for a recommendation so long as "the entire process takes place under the district court's total control and jurisdiction"). A district judge may refer a motion for attorney's fees to a magistrate judge as if it were a dispositive pretrial matter. Fed. R. Civ. P. 54(d)(2)(D).

Parties, however, cannot appeal a magistrate judge's R&R directly to our Court because those decisions are not final orders until adopted by the district court. *Perez-Priego v. Alachua Cnty. Clerk of Ct.*, 148 F.3d 1272, 1273 (11th Cir. 1998) (per curiam) (dismissing the appeal of the magistrate judge's R&R for lack of jurisdiction because the district court had not yet adopted it, so it was not final and appealable); *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985) (explaining that a district court may refer dispositive motions to a magistrate for a recommendation, but the court has the "'ultimate authority'" to enter the final order); *Raddatz*, 447 U.S. at 673 (explaining that, under § 636(b)(1)(B), a magistrate judge issues a recommendation rather than a "final and binding disposition").

Here, we lack jurisdiction over this appeal because the magistrate judge's denial of Savage's Rule 59(e) motions was not a final

and appealable order.  Although we have jurisdiction over final judgments entered by magistrate judges if the parties consented to the magistrate judge conducting their proceedings, the record indicates that the parties did not so consent.  28 U.S.C. §§ 1291, 636(c)(1), (3); *see Rembert*, 213 F.3d at 1334.

For starters, while the district court directed Savage to obtain a "Consent to Proceed Before U.S. Magistrate form," neither party filed a completed consent form with the district court.  Later, the district court expressly referred the issue of whether to award HCSD attorney's fees to the magistrate judge for a hearing -- a step that would have been unnecessary if the magistrate judge was conducting the proceedings under § 636(c)(1).  Savage also raised concerns in one of his Rule 59(e) motions about the magistrate judge's authority "overrid[ing]" that of the district court, further suggesting that he did not consent to proceeding before the magistrate judge.  As for Savage's motion for recusal, where he referred to the magistrate judge as a district judge throughout, his motion was predicated on his unhappiness with what he acknowledged to be a report and recommendation.  Moreover, the parties' briefs on appeal raise arguments -- concerning, for example, whether the magistrate judge properly issued a report and recommendation -- that would be moot had the parties consented to proceeding before the magistrate judge.

Without any evidence of Savage and HCSD's consent to proceed under § 636(c)(1), the magistrate judge's denial of Savage's Rule 59(e) motions was not a final order under § 636(c)(3).  Instead,

25-11323                    Opinion of the Court                    5

the district court referred the matter of HCSD's attorney's fees to the magistrate judge for a hearing, and the magistrate judge issued an R&R as to HCSD's motion for attorney's fees, as well as Savage's subsequent Rule 59(e) motions challenging the attorney's fee award. And because the magistrate addressed these matters in an R&R, the R&R was not final and appealable until adopted by the district court. Nothing in the docket indicates that the district court rendered the R&R final; as a result, Savage's appeal was not taken from a final and appealable order, and we are without jurisdiction to hear the appeal. Accordingly, we dismiss the appeal for lack of jurisdiction.[1]

**DISMISSED.**

---

[1] Savage's motion to waive oral argument is DENIED as moot.