**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12267

Non-Argument Calendar

_____

IRVIN E. CARAWAY, II,

*Plaintiff-Appellant,*

*versus*

EQUIFAX,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cv-04753-TWT

_____

Before ROSENBAUM, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Irvin E. Caraway, II, proceeding pro se, filed a notice of appeal in his civil case that was consolidated in the multidistrict litigation for cases arising out of the 2017 Equifax data breach, which,

upon approving a class action settlement, the district court dismissed with prejudice in 2020.  In his notice, Caraway expressly sought to appeal this case but did not clearly identify any rulings from which he was appealing.

Premised on Caraway's notice evincing an intent to appeal from the district court's most recent order denying Caraway's post-judgment motion to transfer venues, Equifax moves to dismiss his appeal for lack of jurisdiction, arguing that Caraway lacks standing to challenge the order and that the order is neither final nor otherwise appealable.  Equifax alternatively moves for summary affirmance.  Caraway did not respond.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement," and we cannot entertain an appeal that is out of time. *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (quotation marks omitted, alteration in original).  A notice of appeal in a civil case must be filed within 30 days after the entry of the challenged ruling unless there is a federal party.  28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).  If the final day of an appeal period falls on a holiday or weekend, the final day to appeal becomes the next day that is not a holiday or weekend.  Fed. R. App. P. 26(a)(1)(C).

"Every judgment and amended judgment must be set out in a separate document," except orders disposing of certain motions. Fed. R. Civ. P. 58(a).  A judgment "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a).  When a separate document is required by Rule 58(a), a judgment or order is deemed

entered under Federal Rule of Appellate Procedure 4(a) when the judgment is set forth on a separate document or 150 days have passed from entry of the judgment on the civil docket, whichever is earlier.  Fed. R. App. P. 4(a)(7)(A).

In civil cases, we treat post-judgment proceedings as "free-standing litigation, in effect treating the final judgment as the first rather than the last order in the case," and, thus, deem an order final "if it disposes of all the issues raised in the motion that initially sparked the . . . proceedings." *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) (quotation marks omitted).

Upon review of the record and Equifax's motion to dismiss, we conclude that we lack jurisdiction over Caraway's appeal because his notice of appeal is not timely to challenge any order in this case.  The district court entered its most recent order on the docket on November 7, 2024, which denied Caraway's post-judgment motion and concluded the post-judgment proceeding.  Because the district court did not enter judgment on a document separate from its November 7 order, the order is not deemed entered until April 7, 2025—the first business day following 150 days after its entry on the docket.  *See* Fed. R. Civ. P. 58(a); Fed. R. App. P. 4(a)(7)(A), 26(a)(1)(C); *Mayer*, 672 F.3d at 1224.  If Caraway sought to appeal from the November 7 order, he was therefore required to file a notice of appeal by May 7, 2025.  *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).  Caraway did not file his notice until June 30, 2025.

The notice is thus untimely to appeal from the November 7, 2024, order. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). As his notice of appeal is not timely to appeal from the court's most recent order, Caraway's notice is also not timely to appeal from any earlier order. We therefore lack jurisdiction to review his appeal. *See Green*, 606 F.3d at 1300.

Accordingly, Equifax's motion to dismiss is GRANTED and Caraway's appeal is DISMISSED for lack of jurisdiction. Equifax's alternative motion for summary affirmance is DENIED as moot.